# Faulk *et al. v.* The State.

## *Indictment for Arson.*

1. *Weight of threats as evidence; abstract charge.*—In a criminal case, proof of mere threats is not sufficient to support a presumption of guilt strong enough to convict; yet, where there is other evidence beside the threats, a charge asked, which, in effect, asserts that legal proposition, is abstract, and may, for that reason, be refused.

2. *Weight of circumstantial evidence.*— Where the evidence is altogether circumstantial, a charge asked, which asserts that, to authorize a conviction, " the evidence should be as strong as the positive testimony of one credible witness, who proves the guilt of the defendants beyond all reasonable doubt," though somewhat confused, asserts a correct legal proposition, and its refusal is error.

FROM the Circuit Court of Crenshaw.
Tried before the Hon. P. O. HARPER.

No counsel appeared for the prisoners in this court, so far as the docket or the record discloses.

BEN. GARDNER, Attorney General, for the State.

PETERS, C. J. — This is an indictment for arson. The defendants were convicted below, and they bring their case here by appeal. The errors arise out of the refusal of the court to charge as asked by the defendants on the trial. The evidence of guilt was wholly circumstantial.

The charge numbered 4, which was refused, is in these words: " The threats of Nancy Faulk and Hannah Faulk, unsupported

[Jones v. State.]

by other evidence, are not presumptive evidence of guilt." It is not very clear what this charge means. It is possible that its true sense is, that mere threats are not sufficient to support a presumption of guilt strong enough to convict. This would have been correct. But in this case the testimony went beyond this. There was other evidence besides the threats. The charge, then, was abstract. It assumed a state of proof that did not exist. In such case, it is not error to refuse it. Such a charge is misleading. 1 Brickell's Digest, p. 344, § 130.

2. The charge numbered 8 is couched in this language: "To convict the defendants, the evidence should be as strong as the positive testimony of one credible witness, who proves beyond all reasonable doubt the guilt of the defendants." This charge was refused. The testimony was wholly circumstantial, save the evidence of threats. This charge is also somewhat confused. There is no means by which circumstantial or presumptive evidence can be measured by positive evidence. It cannot be said that so much circumstantial evidence is equal to so much positive evidence, whether of one witness or many. But the evidence, whether of the one character or the other, should satisfy the minds of the jury beyond all reasonable doubt of the guilt of the defendants. *Ogletree* v. *The State*, 28 Ala. 693. This seems to be the only reasonable interpretation of the charge. Thus interpreted, it was correct, and should have been given. Its refusal was error. 2 Ala. 43 ; 6 Ala. 45 ; 7 Ala. 69.

The judgment of the court below is reversed, and the cause is remanded for a new trial. In the mean time, the appellants will not be discharged, except by due course of law.