# Curtis *v.* The State.

### *Indictment for Grand Larceny.*

1. *Evidence of offenses other than that charged; admissibility of.* While, as a general rule, evidence that a defendant has committed offenses other than that for which he is on trial, is inadmissible; yet such evidence is admissible, where it tends to show the intent with which the act charged was committed, to illustrate its criminality, or to identify the accused as the person who committed the act charged in the indictment on which he is tried.

2. *Same; in prosecution for larceny.*—In a prosecution for the larceny of a mule, the prosecutor having testified that his mule was taken away one night without his knowledge or consent, and that defendant afterwards brought him a horse, which he said he had obtained in exchange for the mule; the owner of the horse, who had reclaimed him from the prosecutor, may state the circumstances under which the defendant obtained the possession of the horse, although it amounts to a criminal offense.

APPEAL from Dallas Circuit Court.

Tried before the Hon. JOHN MOORE.

The indictment upon which the appellant was tried and convicted, charged him with the larceny of a mule belonging to

[Curtis v. The State.]

Solomon Craig. On the trial, Craig testified that, prior to the finding of the indictment, he was the owner of a mule; that in the latter part of October, 1884, the mule was taken from his lot without his knowledge or consent; that about the first of November, 1884, the defendant brought him a horse, saying that he had traded the mule for it; that, although witness had never given defendant any authority to trade or sell his mule, he took the horse rather than make a fuss about it; that this horse was afterwards claimed and taken from him by one Jones, and that he afterwards found his mule in the possession of one Williams, who returned him to witness. Williams testified, that he purchased the mule from the defendant, who claimed it as his own. Jones, on his examination, was asked by the solicitor, "Did you get a horse from Sol Craig?" The defendant objected to the question, on the ground that it was irrelevant, and referred to another and different offense. The court overruled the objection, and permitted the witness to answer; and the defendant excepted. Witness then answered, "Yes, I did; it was some time in January, 1885: it was my horse." The defendant moved the court to exclude this answer of the witness from the jury, which the court refused to do; and defendant excepted. This witness was then permitted to testify, against the objection and exception of defendant, that the defendant had borrowed the horse from him, promising to return him in a short time; that his horse not being returned, he went to defendant's home in Wilcox county, Alabama, to get him, and was told by him that he had left his horse up the country, and would get him and return him soon; that defendant never returned his horse, and that witness obtained him from Sol Craig, as above stated.

The foregoing is substantially all the evidence referring to the exceptions reserved. The defendant then requested the court, in writing, to charge the jury as follows: "The court charges the jury, that they can not in this case consider the taking of Jones' horse, for any purpose, in arriving at the guilt or innocence of the defendant as to stealing Sol Craig's mule." The court refused to give said charge, and defendant excepted.

The admission of the evidence objected to, and the refusal to charge as requested, are now assigned as error.

J. S. Diggs, for appellant.

T. N. McClellan, Attorney-General, contra.

CLOPTON, J.—As a general rule, evidence that the defendant has committed offenses other than those charged in

the indictment, though of a similar nature, is *prima facie* inadmissible. The general rule has its limitations and exceptions. When it is material to show the intent with which the act charged was committed, to illustrate its criminality, or to identify the accused as the person who committed the act laid in the indictment, such evidence is admissible.—*Ingram v. State*, 39 Ala. 247; *Yarborough v. State*, 41 Ala. 405. The evidence of the circumstances under which the defendant obtained the horse that he delivered to the owner of the mule, for the larceny of which he was on trial, falls within the exception. It tended to show the falsity of the statement of the accused, that he had exchanged the mule for the horse, and to show the intent with which he took the mule—a felonious taking.

Affirmed.