# Odom *v.* The State.

## *Murder.*

(Decided June 7, 1911.　55 South. 820.)

1. *Evidence; Non-experts; Insanity.*—Where a witness who is not a physician had experience with insane persons only in taking them from Mobile to the Insane Hospital and observing their manner, but who had never observed defendant except for a time when he conversed with him for about half and hour, several months before the trial, such witness was a non-expert and not authorized to give his opinion as to the appearance and habits of a paranoiac, or as to the insanity of the accused.

2. *Trial; Remarks by Court.*—Where a non-expert witness persisted in answering questions to which objection had been sustained the court did not err in stating in the presence of the jury that he would send the witness to jail if he continued to do so.

3. *Charge of Court; Insanity.*—Where the accused pleaded not guilty and not guilty by reason of insanity, a charge that the jury could not convict the defendant unless the hypothesis of his guilt should flow naturally from the facts proven, was proper, and its refusal error.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

J. Lawrence Odom was convicted of murder in the first degree, sentenced to death, and he appeals. Reversed and remanded.

Charge 7, referred to, is as follows: "The court charges the jury that, before you should convict the defendant, the hypothesis of his guilt should flow naturally from the fact proven, and be consistent with all the facts in the case."

WEBB & McALPINE, for appellant. The court erred in not permitting the witness to testify as an expert.— 54 Cal. 509; 64 Ver. 233; 35 Ver. 389; 39 L. R. A. 317; 12 Mich. 36; 127 Mass. 421; 111 U. S. 612; Wigmore on Evidence, Sec. 568. The court erred in excluding the evidence of the witness Humphries, that the defendant

appeared to be insane.—*Milton v. Rowland,* 11 Ala. 732; *Bennett v. Fail,* 26 Ala. 610; *Wilkinson v. Mosely,* 30 Ala. 562; *Blackman v. Johnson,* 35 Ala. 255; *Stone v. Watson,* 37 Ala. 288; *Dominick v. Randolph,* 124 Ala. 557. The court erred in refusing charge 7.

Robert C. Brickell, Attorney General, and W. L. Martin, Assistant Attorney General, for the State. As to whether a witness is an expert or not is addressed to the sound discretion of the court and will not be revised. —*Braham v. State,* 143 Ala. 28; *Parrish v. State,* 139 Ala. 16; *Ford v. State,* 71 Ala. 385; *Tullis v. Kidd,* 12 Ala. 648. Under the above authority it must be held that the witness was not an expert and that he had not had sufficient opportunity of observation to give testimony as to the mental attitude of the defendant. Charge 7 was properly refused.—*Maxwell v. State,* 89 Ala. 150; *Parrish v. State, supra.*

SIMPSON, J.—The appellant was convicted of the crime of murder in the first degree. The pleas were, not guilty, and not guilty by reason of insanity.

The witness Humphreys, who is not a physician, testified about his experience with insane people in taking them from Mobile to the insane hospitals on many occasions, to his observing their manner, etc., and to his knowledge about what constitutes a paranoiac, etc., and said that he had talked with the defendant "several months ago for about a half hour." Besides the fact that the matter of allowing a nonexpert witness to express an opinion that a party is insane is largely within the discretion of the court, this witness was not shown to be an expert, and it was not shown that his acquaintance with the defendant was of that intimate character which would render him competent as a nonexpert to

testify to the insanity of the defendant.—*Ford v. State,* 71 Ala. 386, 397; *Dominick's Case,* 124 Ala. 557, 563, 564, 27 South. 841; *Braham v. State,* 143 Ala. 28, 41, 38 South. 919; *In re Carmichael,* 36 Ala. 514, 523; *State v. Crisp,* 126 Mo. 605, 29 S. W. 699. Consequently there was no error in the sustaining of the objections to the testimony of said witness as to the appearance and symptoms of a paranoiac, and as to the insanity of the defendant.

Nor was there any reversible error in the remark of the court to the effect that he would send the witness to jail for contempt, if he persisted in answering questions to which the court had sustained objections. Referring to the same principles, and to the further principle that the rule as to a non-expert's testifying to sanity is not identical with that in regard to his testifying to insanity, there was no error in allowing the witness, Patrick, who had known the defendant for twelve or fourteen years, meeting him frequently, to testify that he had never known him to be insane in any way.— *Ford's Case, supra; Caddell's Case,* 129 Ala. 58, 65, 30 South. 76; *Parrish's Case,* 139 Ala. 16, 42-43, 36 South. 1012.

The charges requested by the defendant, except charge 7, were at least misleading in directing the minds of the jury merely to the question of the defendant's being "guilty" or "not guilty," whereas it was within the pleading to find him "not guilty by reason of insanity," the burden of proof being different in regard to the two issues in the case.—*Maxwell v. State,* 89 Ala. 150, 165, 7 South. 824; *Parrish's Case,* 139 Ala. 16, 50, 51, 36 South. 1012.

Charge 7, not coming under the principle just referred to, but being a correct legal principle, as applied to both issues, should have been given, the "facts of the

case" being equivalent to the proven facts of the case.
—*Gilmore's Case*, 99 Ala. 154, 157, 159, 13 South. 536.

The judgment of the court is reversed and the cause remanded.

Reversed and remanded.

McCLELLAN, MAYFIELD, and SAYRE, JJ., concur.