# Hubbard v. The State.

## Murder.

(Decided February 5, 1912.   64 South. 633.)

1. *Words and Phrases; Curtilage.*—For a structure or enclosed parcel of ground, separate and apart from one's dwelling, to be regarded as within the curtilage, it must be customarily used in connection with his dwelling, and it is not brought within the curtilage by all the occupants of the dwelling, making use of it on some special occasion, or in exceptional circumstances, as the use of an outhouse on the premises of another.

2. *Homicide; Defense of Habitation; Curtilage.*—Where there was evidence that the garden in which the shooting occurred belonged to a residence other than that of defendant, and more than 100 yards from it, a charge that if the garden was in defendant's pos-

[Hubbard v. The State.]

session, and if the house therein was one that defendant and his family used occasionally, he was within his curtilage, and was under no duty to retreat, was properly refused as asserting as a matter of law that defendant's possession of the garden. though it was not habitually used in connection with his residence, brought it within his curtilage.

3. *Same; Self-Defense.*—A charge asserting that one who merely answered a verbal insult or abusive epithet by another does not deprive himself of the privilege of afterwards defending himself, without being amenable to law, provided he did not fight willingly, was properly refused where it might be understood as asserting that in such a case one is justified in taking the life of another, although there is no real apparent necessity of so doing to prevent death or great bodily harm.

4. *Same.*—Where deceased verbally insulted defendant without provocation, and defendant retorted by insult to deceased, and was then assaulted by deceased, he had a right to defend himself, provided he did not fight willingly, and there was no reasonable means of escape without increasing his real or apparent danger, and if when he shot, he honestly believed himself in imminent danger to life or limb, and the conditions were such as would have impressed upon the mind of a reasonable person that there was such imminent danger, although there in fact was no such actual danger.

5. *Charge of Court; Weight and Sufficiency of Evidence.*—A charge that if there was a reasonable doubt of the truth of the statements as testified to by the state's witnesses as to any material facts, defendant could not be convicted, was so expressed as to be capable of misleading the jury to conclude that they could not convict, if there was a reasonable doubt of the truth of a statement as to a material fact testified to by any one of the state's witnesses.

6. *Same.*—If upon a consideration of the whole evidence the jury are convinced beyond a reasonable doubt of defendant's guilt, the existence of a doubt as to the truth of a statement as to a material fact testified to by any one of the state's witnesses will not prevent a conviction.

7. *Same; Reasonable Doubt.*—If a single fact is proven to the satisfaction of the jury which is inconsistent with a defendant's guilt, it is sufficient to raise a reasonable doubt, and thus require an acquittal.

8. *Same; Applicability to Evidence.*—Where it was not a necessary conclusion of law from the evidence that a defendant was within his curtilage at the time of his killing, it was proper to refuse a charge asserting that accused was within his curtilage, and not bound to retreat, if free from fault in bringing on the diffi-' culty.

APPEAL from Dale Circuit Court.

Heard before Hon. M. SOLLIE.

Will Hubbard was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

[Hubbard v. The State.]

Hubbard was convicted of killing Henry Kemp by shooting him with a gun. It appears from the testimony that the shooting took place in a garden, and followed a dispute between the wives of the two men as to the right of Mrs. Kemp to chop the briars and bushes off a hedgerow. The evidence for the state tended to show that the hedgerow in the garden was about half way between the homes of the respective parties, and on the same side of the road on which both lived; that Kemp was plowing right along the hedgerow.

The following charges were refused to defendant:

(1) "If the house was one that defendant and his family used, and the little house was in the garden, and defendant had possession of the garden, then defendant was within his curtilage, and was not under any duty to retreat."

(2) "If the little house was one that defendant used at the time, then defendant was within his curtilage, and it was not his duty to retreat."

(3) "If you have a reasonable doubt of the truth of the statements as testified to by the state's witnesses as to any material fact, you cannot convict defendant."

(4) "One who merely answers verbal insult or abusive epithet with another does not deprive himself of the privilege or afterwards defending himself, without being amenable to the law, provided that he did not fight willingly."

(5) "If deceased first used verbal insult towards the defendant, without any provocation whatever on the part of defendant, and defendant retorted by using the character of insult to deceased, and if then he was assaulted by deceased, defendant had the right to defend himself against such aggression upon the part of deceased; if such you find occurred, provided defendant did not fight willingly, and provided, further, that there

was no reasonable means of escape, without increasing his real or apparent danger, and if you further find that under the circumstances existing at the time defendant shot he honestly believed that he was in imminent danger to life or limb, and the conditions at the time were such as would have impressed upon the minds of a reasonable person that there was such imminent danger, though there was no such danger in fact, but that it was only apparent, then defendant would have been justified in shooting deceased."

(6) Is identical with 5.

(7) "If there is one single fact proved to the satisfaction of the jury which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit."

(9) "The court charges the jury that defendant was within his curtilage, and was under no duty to retreat, if he was free from fault in bringing on the difficulty."

H. L. MARTIN, for appellant. Charge 1 should have been given, as well as charge 2.—61 Ala. 58; 83 Ala. 64. Charge 3 should have been given.—86 Ala. 59; 58 Ala. 355; 86 Ala. 59. Charge 4 should have been given. —79 Ala. 284. Charge 5 should have been given.— 152 Ala. 38. Charge 7 should have been given.—57 South. 829. Charge 8 should have been given.—*Bluett v. State,* 161 Ala. 16. Charge 10 should have been given on the same authority. Charge 9 should have been given on the authorities cited in charges 1 and 2. Charge 11 should have been given on the authority cited in charge 4. Charge 17 should have been given. —152 Ala. 38. Charge 19 should have been given on the authorities cited in charges 1 and 2. Charge 20 and 25 should have been given.—168 Ala. 63.

[Hubbard v. The State.]

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.  No organization of the trial term is shown, and the appeal should be dismissed.—*Grantham v. State,* 3 Ala. App. 168.

WALKER, P. J.—For a structure or an inclosed parcel of ground which is separate and apart from one's dwelling to be regarded as within his curtilage, it must be customarily used in connection with the dwelling. It is not brought within the curtilage by all the occupants of the dwelling making use of it on some special occasion or in exceptional circumstances.—*Lee v. State,* 92 Ala. 15, 9 South. 407, 25 Am. St. Rep. 17; *Cook v. State,* 83 Ala. 62, 3 South. 849, 3 Am. St. Rep. 688; *Ivey v. State,* 61 Ala. 58; 8 Am. & Eng. Ency. of Law (2d Ed.) 527.  This may be true as to an outhouse on the premises of another.  There was evidence tending to prove that the garden mentioned in written charge 1 requested by the defendant belonged to a residence other than the defendant's, and situated more than 100 yards from it.  The refusal to give the charge was justified by the consideration that in view of the evidence in the case, it might have been understood as asserting that the facts that the defendant was in possession of the garden, though it was not used in connection with his residence, and that he and his family occasionally, not habitually, made use of the privy in it, had the effect of bringing the garden within the defendant's curtilage.  Written charge 2 refused to the defendant is subject to a similar criticism.

Written charge 3 was properly refused, as it was so expressed as to be capable of misleading the jury to the conclusion that they would not be authorized to convict the defendant if they had a reasonable doubt of the truth of a statement as to a material fact testified

to by any one of the state's witnesses. Manifestly the existence of such a doubt should not stand in the way of a conviction if, upon a consideration of all the evidence, the jury are convinced beyond a reasonable doubt of the defendant's guilt.

Without inquiring if written charge 4 was otherwise faulty, the court's refusal to given it may be justified because, as applicable to the evidence in the case, it might have been understood as asserting that, on the hypothesis stated, one is justified in taking the life of another, though there is no real or apparent necessity of his doing so in order to defend himself from death or great bodily harm.

In the framing of written charges 5 and 6 use was made of a charge which was passed on in the case of *McEwen v. State,* 152 Ala. 38, 44 South. 619, and the faults in that charge which were there pointed out were avoided. Each of those charges was a correct statement of propositions applicable to a phase of the evidence in the case, and we discover no ground upon which the court's refusal to give either of them can be justified.

The refusal to give defendant's written charge 7 was error.—*Roberson v. State,* 175 Ala. 15, 57 South. 829.

Charge 9 was properly refused, as it was not a necessary conclusion from the evidence in the case that the defendant was within his curtilage at the time of the killing.

The court was justified in its action as to each of the other charges refused to the defendant because of some fault in it, or because the propositions stated had been substantially covered in instructions given at the defendant's request.

[Parker v. The State.]

Because of the errors above mentioned, the judgment must be reversed.

Reversed and remanded.