## MORRIS v. STATE. (8 Div. 932.)

(Court of Appeals of Alabama. April 4, 1922. Rehearing Denied April 18, 1922.)

1. **Indictment and information** �köö110(31)—**Indictment for violation of prohibition laws in language of statute held sufficient.**

An indictment, charging in the language of the statute that defendant distilled, made, or manufactured alcoholic, spirituous, or malt liquors, and manufactured, sold, gave away, or had in his possession a still, etc., to be used for the purpose of manufacturing prohibited liquors, was sufficient.

2. **Intoxicating liquors** ⊫209—**Indictment must describe still, etc., as to be used for manufacturing prohibited liquors.**

Under Acts 1919, p. 1086, prohibiting the possession of certain articles "to be used for the purpose of manufacturing any prohibited liquors," the quoted phrase is descriptive, and the article possessed must be specifically described in indictment as to be used for such purpose.

3. **Indictment and information** ⊫110(3)—**Sufficient to describe statutory offense in language of statute.**

Where statute creates new offense and prescribes its constituents, without reference to anything else, it is sufficient to describe the offense in an indictment in the terms of the act.

4. **Intoxicating liquors** ⊫238(1)—**Error to refuse general charge, when no evidence to support finding of guilt.**

Where there was no evidence to warrant a finding that defendant was guilty of manufacturing or distilling liquors, the refusal to give the general charge as to the count charging that offense was error.

---

**5. Criminal law ⊙═╌1173(2)—Refusal of instruction for defendant as to selling or giving away still harmless, there being evidence of manufacturing.**

Under count for manufacturing, selling, or giving away a still, etc., to be used for manufacturing prohibited liquors, where there was no evidence that defendant sold or gave away a still, etc., an instruction that, if the jury believed the evidence, defendant neither sold or gave away the still, etc., might properly have been given; but its refusal was not prejudicial, there being evidence that defendant manufactured or made a still.

**6. Criminal law ⊙═╌829(12)—Instruction for defendant, if there was anything in the evidence inconsistent with his guilt, properly refused.**

Instruction that, "if there is any inconsistence in the evidence, which is inconsistent with defendant's guilt under either count, when taken in connection with all the other evidence," the jury could not find defendant guilty under either count, was calculated to mislead the jury as to its duty in considering the evidence, and properly refused, where the court had plainly and clearly charged on this phase of the law.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Earl Morris was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

The plea in abatement attacked the grand jury that returned the indictment on the grounds that the offense was committed in the Albertsville division of the circuit court of Marshall county, and that the indictment was found by a grand jury drawn from the Guntersville district; whereas, under the statute, it should have been found by a grand jury drawn from the Albertsville district. Practically the same grounds were interposed on the motion that would quash the petit venire called for the trial of this case.

The indictment charged in the first count that the defendant, since January 25, 1919, distilled, made, or manufactured alcoholic, spirituous, or malt liquors, etc. The second count charged that since November 30, 1919, Earl Morris manufactured, sold, gave away, or had in his possession a still apparatus, appliance or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages. The demurrers to the second count were that the count does not describe apparatus and that the purpose of a defendant is not an offense.

The following charges were refused to the defendant:

(12) If you believe the evidence in this case, the defendant neither sold, nor gave way a still apparatus, appliance, or device or substitute therefor.

(14) If you believe the evidence, the defendant did not manufacture a still apparatus, appliance, or some device or substitute, to be used for the purpose of manufacturing liquors or beverages.

(15) If there is any single inconsistence in the evidence in this case, which is inconsistent with the defendant's guilt under either count in the indictment, when taken in connection with all the other evidence in the case, then you cannot find the defendant guilty under either count in the indictment.

John A. Lusk & Son, of Guntersville, for appellant.

The demurrers to the indictment should have been sustained. 117 Ala. 192, 23 South. 82; 8 Ala. App. 338, 62 South. 1007; 54 Ala. 127, 25 Am. Rep. 662. The court should have given the affirmative charge as to count 1. 88 South. 355; ante, p. 116, 90 South. 135; 89 South. 306. The charges requested should have been given. 143 Ala. 98, 39 South. 377; 94 Ala. 100, 10 South. 528.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was sufficient evidence to sustain a conviction under count 1. 151 Ala. 86, 44 South. 51; 89 S. W. 836; 72 Ark. 19, 77 S. W. 597; Acts 1919, p. 16, § 15.

SAMFORD, J. The questions raised as to the organization of the jury have been settled in Lang v. State, ante, p. 88, 89 South. 164, and are not insisted upon.

[1, 2] The indictment follows the language of the statutes under which the two counts are drawn, and this court has consistently held similar indictments to be sufficient. State v. Dodd, 17 Ala. App. 20, 81 South. 356; Oliver v. State, 16 Ala. App. 533, 79 South. 313; Holt v. State, 16 Ala. App. 399, 78 South. 315. The statute (Acts 1919, p. 1086) prohibits the possession of certain articles to be used for the purpose of manufacturing any prohibited liquors, and the phrase—

"to be used for the purpose of manufacturing any prohibited liquor relates to and is descriptive of the device or substitute, and without which neither the one nor the other would be a violation of law."

In other words, the words, "still, apparatus, or appliance," are in themselves insufficient as a description of the article, the possession of which is condemned. It is only when specifically described as "to be used for the purpose of manufacturing prohibited liquors or beverages" that the description becomes certain and informs the defendant of what he is charged.

[3] Where a statute creates a new offense, and prescribes its constituents without reference to anything else, it is sufficient to describe the offense, when charging it in an indictment, in the terms of the act. State v. Duncan, 9 Port. 260; Mason et al. v. State, 42 Ala. 543; Lodano v. State, 25 Ala. 64.

[4] We have considered the evidence in this case en banc, and while there is evidence of a preparation to manufacture liquor, we are of the opinion that there is no evidence that would warrant the jury in finding that the defendant was guilty of manufacturing or distilling, and therefore the court erred in refusing to give, at the request of the defendant, the general charge as to count 1.

We are also clear to the opinion that there was ample evidence upon which to base a verdict of guilt upon the second count of the indictment, and therefore the affirmative charge as to this count was properly refused.

[5] There being no evidence that the defendant sold or gave away a still, etc., charge 12, perhaps, ought to have been given, but its refusal was not prejudicial injury. The jury might have inferred from the evidence that defendant manufactured or made the still, and therefore charge 14 was properly refused.

[6] Charge 15 was calculated to mislead the jury as to its duty in a consideration of the evidence, and for that reason was bad. The court had plainly and clearly charged the jury as to this phase of the law, and further instruction was not necessary to a full and fair understanding of the law by the jury.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.