(101 So. 67)

## JONES v. STATE. (5 Div. 503.)

(Court of Appeals of Alabama. June 24, 1924.)

**1. Criminal law ⬦⬦784(7)—Refusal to charge that hypothesis of guilt must flow naturally from facts proved held reversible error.**

Refusal to charge that, before jury could convict accused, the hypothesis of his guilt should flow naturally from the facts proved and be consistent with all the facts in the case, *held* reversible error, where the charges given did not embrace that proposition.

**2. Criminal law ⬦⬦789(17)—Refusal to give charge requested as to doubt of state's evidence reversible error.**

Refusal to charge that, if state's evidence consisted in statements of witnesses, of the truth of which the jury had reasonable doubt, then jury could not convict, although they did not believe the testimony of accused's witness, *held* reversible error; the charges given not having embraced that proposition.

**3. Criminal law ⬦⬦829(1)—Refusal to give charges covered by charges given held not error.**

Where charges requested by accused, and which properly stated the law, were fairly and substantially covered by charges given, there was no error in refusing to give them.

Appeal from Circuit Court, Lee County; S. L. Brewer, Judge.

William Jones, alias, etc., was convicted under an indictment charging the manufacture of prohibited·liquor and possession of a still, and appeals. Reversed and remanded.

Charge L,·refused to defendant, is as follows:

"L. I charge you, gentlemen of the jury, if the evidence of the state consists in statements of witnesses, the truth of which the jury have reasonable doubt, you cannot convict on such evidence, although you may not believe the testimony of the defendant's witnesses."

Barnes & Walker, of Opelika, for appellant.

Written charge F should have been given. Neilson v. State, 146 Ala. 683, 40 South. 221. Charge L is good and should have been given. Kilgore v. State, 19 Ala. App. 181, 95 South. 906; Estes v. State,. 18 Ala. App. 606, 93 South. 217.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. [1, 2] The refusal of several written charges requested by defendant are relied upon to effect a reversal of the judgment from which this appeal is taken. And in this connection there appears no escape from reversing the judgment because of the refusal of the court below to give charges F and L, requested in writing by defendant. The propositions of law embodied in these charges were not covered by the oral charge or by any of the charges given at the request of defendant. These charges have been approved as stating correct propositions of law, and it has been held many times that their refusal constitutes reversible error. Refused charge F is an exact copy of charge 3 in the case of Neilson v. State, 40 South. 221,[1] and was there approved by the Supreme Court. The charge is as follows:

"Before the jury should convict the defendant, the hypothesis of his guilt should flow naturally from the facts proven and be consistent with all the facts in the case."

This identical charge has also been approved in the following cases, and its refusal held to be reversible error. Gilmore v. State, 99 Ala. 154, 13 South. 536 (charge 10); Griffin v. State, 150 Ala. 49, 43 South. 197 (charge 19); Odom v. State, 172 Ala. 383, 55 South. 820 (charge 7); Brown v. State, 150 Ala. 25, 43 South. 194 (charge 6).

Refused charge L is an exact copy of charge 8, which was approved in Estes v. State, 18 Ala. App. 606, 93 South. 217. It has also been approved in the following decisions: Mills v. State, 1 Ala. App. 76, 55 South. 331 (charge A); Kilgore v. State (Ala. App.) 19 Ala. App. 181, 95 South. 906 (charge 18).

[3] Numerous other charges were refused to defendant, but upon examination we find that such of these charges as properly stated the law were fairly and substantially covered either by the charge given at the request of defendant or by the oral charge.

Reversed and remanded.

[1] Reported in full in the Southern Reporter; not reported in full in 146 Ala. 683.

