(105 So. 394)

**RAYMOND v. STATE. (7 Div. 86.)**

(Court of Appeals of Alabama. Aug. 11, 1925.)

1. **Criminal law** &⟶1056(1)—**Objection without reserving an exception presents nothing for review.**

Objection by counsel to part of court's oral charge without reserving an exception pending trial and before jury retired presented nothing for review on appeal.

2. **Intoxicating liquors** &⟶226 — **Evidence admissible to show accused had opportunity to commit offense.**

Undisputed evidence of presence of a person at a still, where he is charged with its operation, may be considered by the jury as tending to show accused had opportunity to commit offense.

3. **Criminal law** &⟶759(1)—**Requested instruction held properly refused as invasive of province of jury.**

Defendant's requested instruction that, where there are two reasonable constructions from the facts, jury must give accused favorable rather than unfavorable one, *held* properly refused as invasive of the province of the jury.

4. **Criminal law** &⟶809—**Requested instruction as to inconsistency of evidence with guilt properly refused as involved.**

Requested instruction that jury cannot convict if there is any inconsistency of evidence with guilt *held* properly refused as involved.

5. **Criminal law** &⟶1152(2)—**Mistake in juror's name not reversible error.**

A mistake in juror's name no basis for reversal, as impaneling proper jury is within discretion of the court, and will not be reversed in absence of abuse.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

J. K. Raymond was convicted of violating the prohibition law, and he appeals. Affirmed.

Charges 2 and 3, refused to defendant, are as follows:

"(2) I charge you, gentlemen of the jury, that it is a well-settled rule of law that, if there be two reasonable constructions which can be given to facts proven, one favorable and the other unfavorable to a party charged with crime, it is the duty of the jury to give that which is favorable rather than that which is unfavorable to the accused.

"(3) I charge you, gentlemen of the jury, that, if there is any single inconsistency in the evidence in this cause, which is inconsistent with the defendant's guilt under either count in the indictment, when taken into connection with all the other evidence in the case, then you cannot find the defendant guilty under either count in the indictment."

Paul O. Luck, of Columbiana, for appellant.

The excerpt from the oral charge objected to was erroneous. Owens v. State, 19 Ala. App. 621, 99 So. 774; Du Bose v. State, 19 Ala. App. 630, 99 So. 746. Defendant was due the affirmative charge, and its refusal was error. Biddle v. State, 19 Ala. App. 563, 99 So. 59. Charge 3 was erroneously refused. Lee v. State, 18 Ala. App. 566, 93 So. 59.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Where no exception is reserved to the oral charge of the court, there is nothing to be considered on appeal in this respect. Ex parte State ex rel. Smith, 204 Ala. 389, 85 So. 785. Charges 2 and 3 were properly refused. White v. State, 18 Ala. App. 96, 90 So. 63. A mistake in a juror's name cannot serve as a basis for a reversal. Jones v. State, 17 Ala. App. 447, 86 So. 123.

BRICKEN, P. J. There was a general verdict of guilty under an indictment against this appellant, which charged in the first count that he did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol. And in the second count he was charged in proper form and substance with the unlawful possession of a still to be used for the purpose of manufacturing prohibited liquors or beverages. He was duly sentenced to serve an indeterminate term of imprisonment in the penitentiary of not less than two years, nor more than three years. From the judgment of conviction this appeal was taken.

It is first insisted that the court erred in

its oral charge to the jury, wherein it was stated:

"It is a mighty poor place to be, and the fact that a person is present when whisky is being made at a still is to be considered by the jury in determining whether or not he is guilty."

[1, 2] This statement and another of similar import in the oral charge the record shows "was objected to by counsel for defendant." No exception was reserved to this or any other portion of the oral charge; therefore nothing is presented in this connection for our consideration. The rule is, in order to secure a revision of any portion of the court's oral charge, the defendant must reserve an exception thereto, pending the trial and before the jury retire. A mere "objection" as here shown will not suffice. But aside from this the undisputed evidence of the presence of a person at a still, where he is charged with its operation or possession, should be considered by the jury in its deliberations, and, while this alone, and without more, would not be sufficient upon which to predicate a conviction, it should be considered by the jury, as its tendency would necessarily be to show that the accused had the opportunity of committing the offense complained of. For this reason reversible error would not be based upon the utterances here complained of, even if the question was presented in a manner authorizing this court to consider it.

It is next insisted that the court erred in refusing to defendant three general affirmative charges requested in writing. That there is no merit in this insistence is so obvious a discussion of this question will not be indulged. The evidence as here shown, by several witnesses, was ample to sustain the conviction and to support the judgment pronounced and entered. The evidence was also in sharp conflict. This disposes of refused charges 1, 4, and 6 as here numbered.

[3] Charge 2 was invasive of the province of the jury. White v. State, 18 Ala. App. 96, 90 So. 63; Davis v. State, 19 Ala. App. 94, 96 So. 369.

[4] Charge 3 is involved, but, had it been properly worded, its refusal was without error. White v. State, supra; Ex parte Davis, 184 Ala. 26, 63 So. 1010; Pippin v. State, 197 Ala. 613, 73 So. 340.

Refused charge 5 was fairly and substantially covered by the oral charge of the court, wherein the court stated:

"It is true it is not a violation of the law for a person to be present at a still if he is not concerned in the making of liquor and has no interest in the manufacturing or the possession or ownership of a still," etc.

The charge here is badly worded, and might properly be termed elliptical.

[5] There was no error in the action of the court in impaneling a proper jury to try this case. A mistake in a juror's name cannot serve as a basis for reversal. Matters of this character necessarily rest largely in the discretion of the court, and, unless it clearly appears that this discretion has been abused to the injury of appellant's substantial rights, reversible error will not be predicated thereon.

The objections to the admission of evidence and exceptions reserved are not well taken. The evidence in question was of the res gestæ, and the court properly so held.

There is no error in this record. The judgment appealed from is affirmed.

Affirmed.