(123 So. 263)

**BRUCE v. STATE.** (3 Div. 621.)

Court of Appeals of Alabama. March 19, 1929.

As Modified, on Denial of Rehearing, April 30, 1929.

·E. T. Graham and L. A. Sanderson, both of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. The record in this case shows that at the May term, 1928, of the Montgomery circuit court, this appellant was indicted by the grand jury for the offense of vagrancy, under section 5571 of the Code 1923.

He was tried upon said indictment in that court on June 5, 1928, the jury returning a verdict of guilty, and assessed a fine of $150, to which the court added 12 months' hard labor for the county. Appellant relies upon several adverse rulings of the trial court for a reversal of the judgment of conviction appealed from.

The first exception noted appears as follows: Walter K. McAdory testified: "I am the head of the law enforcement of the state government of Alabama. I know Floyd Bruce, and have known him 5 years and 3 months. I have never known him to do any work. He has not done any work within the past 12 months." The solicitor asked witness the following question: "Is he able to work?" The defendant objected to said question, on the ground that he was leading him. The court overruled said objection, and defendant reserved an exception. The witness answered the question affirmatively. This exception, as reserved, is not well taken. In the first place, if the question propounded was leading, and this is the only ground of objection, it is within the province of the court to allow a leading question to be propounded. Moreover, a witness, if he knows it to be a fact, can be permitted to testify that a person is able to work. There is no merit in this insistence.

State witness Potter Smith testified, without objection: "I have known Floyd Bruce for several years. Apparently, to me, he is able to work. I never examined him. I do not know about his physical ability. He wanders or strolls about in idleness; leads a life of idleness. I have not known him to work within the past 12 months." The solicitor asked the witness the following question: "Has he had any connection with the unlawful selling or bartering of spirituous, vinous, or malt liquors, or other intoxicating liquors, within the past 12 months before the finding of this indictment?" Witness answered said question: "Well, I do not know whether he has been convicted in the last 12 months; we met him down here on Commerce street a while ago, within 12 months, and he told us he hauled 10 cases of liquor in that automobile he had there." Defendant then moved to exclude said answer, upon the ground that it was not responsive to the question. Motion was overruled, and defendant excepted. Appellant, by specifying a certain stated ground for the motion, waived all other grounds, and the court properly overruled the motion as made. "Question. That would be engaging in the liquor business in Montgomery county? Answer. Yes; during the 12 months prior to the finding of this indictment I have seen him 3 or 4 times a week, sometimes less and sometimes more, in an automobile riding around. I have never seen him employed in my life in any store work, mechanical work, or anything of the kind." "Defendant's attorney then moved the court to exclude that part of witness' statement with reference to what Bruce told him, on the ground *that it is hearsay,* and *not a confession,* and no *corpus delicti* has ever been shown with reference to the bring-

ing in of any whisky." Upon these stated grounds the motion to exclude was properly overruled.

Other exceptions reserved are without merit.

Section 5573 of the 1923 Code is a complete answer to appellant's insistence that the court erred in the oral charge upon the question of the burden of proof. The exceptions reserved in this connection are without merit.

The several exceptions reserved to the rulings of the court upon the admission of evidence are likewise free from reversible error. The record being regular in all things, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.