(126 So. 414)

## DAVIS et al. v. STATE.

### 7 Div. 600.

Court of Appeals of Alabama.
Feb. 18, 1930.

419

M. C. Sivley, of Gadsden, for appellants.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. The defendants were indicted at the February term, 1929, of the circuit court on a charge of grand larceny of some seed cotton alleged to have been stolen in October, 1926. The evidence clearly discloses that the prosecution against these defendants was instigated by Be Gladden on account of the fact that Bertie Davis one of these defendants had given evidence for, and on behalf of the state in a prosecution of Be Gladden in the circuit court of Etowah county in which Be had been convicted on a charge of uxoricide. Tim Gladden, a brother of Be, was one of the principal state's witnesses in the instant case and gave damaging testimony against these defendants. On cross-examination of this witness he testified: "I never said anything about the cotton being stolen until Bertie Davis testified against Be Gladden at the time Be was convicted for killing his wife." The witness was then asked: "You were indicted at the same time with Be Gladden for killing his wife?" Objection was sustained to this question, and defendant excepted. The objection was not on the grounds that there was higher and better evidence but as stated by the court: "You can't offer testimony that a man is under indictment."

■ Mr. Wigmore defines three different kinds of emotion constituting untrustworthy partiality. One of these is bias. In common acceptation bias covers all varieties of hostility or prejudice against the party personally or of favor to the proponent. The books are teeming with decisions to the conclusion that bias, interest, prejudice may be shown on cross-examination of a witness by the propounding of questions touching relationship to the parties, or their families or interest in the cause then on trial, or interest in other matters relating to the case on trial, or ill feeling against the parties. Many of these cases are illustrated and cited in Ex parte State (Johnson v. State), 199 Ala. 255, 74 So. 366. Some of the cases cited seem to us remote and serve to illustrate how the courts view any evidence tending to show bias or prejudice.

■■ On the cross-examination of state's witness Tullis, who testified as to the bad character of Mittie Holmes, a defendant's witness, for veracity, and that he would not believe her on oath, the court refused to permit defendant's counsel to ask this witness: "You wouldn't believe her if you were over in the field at work and she came over there and told you your wife was sick, you wouldn't believe her?" And: "Do you say that under no circumstances would you believe her?" And: "If she told you her name was Mittie Holmes, you wouldn't believe her?" Cross-examination is one of the methods of testing the truth and good faith of the witness then testifying, and for that reason a wide latitude should always be allowed, but this latitude is usually in the sound discretion of the court, and in the absence of abuse is not grounds for reversal. Cox v. State, 162 Ala. 68, 50 So. 398.

Other objections raised on the admission of evidence are without merit.

■ Refused charge 4 is abstract and properly refused.

Refused charges 8 and 27 are involved and misleading. A charge similar to these was approved in Faulk v. State, 51 Ala. 15, but in Faulk v. State, 52 Ala. 415, this charge was explained and repudiated. The test for evidence is: Does it convince the jury beyond a reasonable doubt? Mickle v. State, 27 Ala. 23.

Refused charge 18 is held to be good and its refusal error in Gilmore v. State, 99 Ala. 154, 13 So. 536.

Refused charge 28 was an argument and was otherwise objectionable.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.