177 So. 556

### MILLHOUSE v. STATE.

I Div. 943.

Supreme Court of Alabama.

Dec. 9, 1937.

Rosa Gerhardt, of Mobile, for appellant.

A. A. Carmichael, Atty. Gen., and Clarence M. Small and J. Render Thomas, Jr., Asst. Attys. Gen., for the State.

KNIGHT, Justice.

The defendant, appellant here, was indicted and tried in the circuit court of Mobile county for murder in the first degree, and sentenced to death.

On a former appeal by this defendant from a judgment and sentence of death, this court reversed and remanded the cause. Millhouse v. State, 232 Ala. 567, 168 So. 665.

On remandment of the cause, the grand jury of said county reindicted the defendant, and it is on this new indictment that the defendant was tried and convicted and from which conviction this appeal is prosecuted. On the last trial, as well as on the former, the jury found the defendant guilty of murder in the first degree, and in each instance fixed the punishment at death.

When the second indictment was returned by the grand jury, the defendant seasonably filed a plea in abatement to the indictment, and also a motion to quash the same based upon the alleged exclusion of qualified negroes from the grand jury which found the indictment, and this exclusion, it is charged, was due to their race or color.

The first ground of the plea and motion is in the following language: "The indictment found against him was and is null and void and without legal effect and was found against him in a manner and by methods contrary to law, in that persons of the negro race, duly qualified under the laws of the State of Alabama to serve as members of the grand jury that found said indictment, were excluded from the list from which said grand jury was drawn, and from said grand jury solely by reason of their race and color."

Other grounds to the same legal effect were included.

The evidence offered by the defendant in support of said plea and motion, and by the State in opposition thereto was the same in all material aspects as that introduced on a similar plea and motion made by the defendant in the case of Vaughn v. State, ante, p. 80, 177 So. 553, this day decided.

Without restating the evidence here, we refer to the statement of the facts as set out in the Vaughn Case. No good purpose can be served by a restatement of the evidence here.

Upon the authority of that case, we hold that the court committed no error in overruling the defendant's plea and motion to quash the indictment.

The defendant also moved to quash the special venire drawn and summoned to

try his case, assigning the same grounds for said motion as were assigned in the plea to, and motion to quash, the indictment. Upon said motion, the defendant and State introduced the same evidence, substantially, as was introduced upon the motion to quash the indictment, and the court overruled the motion.

On the authority of the Vaughn Case, supra, it is our opinion and conclusion the court committed no error in overruling defendant's motion to quash the special venire.

After the court had overruled the defendant's plea and motions, the cause proceeded to trial on defendant's plea of not guilty.

Some exceptions were reserved by the defendant on exclusion and admission of evidence, but these exceptions were patently without merit, and we will not enter upon a detailed discussion of all of them.

■ . The defendant excepted to the following question propounded by the State to the defendant while a witness in his own behalf: "After you went in there and got all the money there was in the cash register but a few coppers, why did you kill him?"

The transcript shows that when the State asked the defendant this question on cross-examination, the defendant objected, without assigning any grounds, and then follows reservation of exception. However, the defendant in answer denied that he had ever been in the store. The argument here made to show error is: "This question assumed that certain admissions had been made and was designed to entrap the defendant, to his detriment. Under our law a defendant cannot be compelled to give testimony against himself." There was no merit in this objection.

■ In one or more instances the defendant's attorney undertook to impeach witnesses for the State by attempting to show contradictory statements out of court, without proper predicate. Of course, before a witness can be so impeached, a proper predicate must be laid. This was not done. Hence there was no error in these rulings of the court.

■ Again, in some instances, the only objections assigned were that the questions were leading. Whether such questions will be permitted is a matter resting largely within the sound discretion of the court. There was no error, therefore, in these rulings of the court.

■ Whatever objections, if indeed any, the questions propounded by the State to the defendant's witness Vaughn, on cross-examination, in its effort to impeach this witness by showing that he had been convicted of larceny, were subject to, it is clear that the grounds of objection assigned did not point out any such objectionable features. In the absence of proper objections, the court will not be required to cast about to determine whether there are other possible objections. The court will not be put in error, therefore, for overruling defendant's said objections to the questions propounded by the State to the witness Vaughn. The State had a right to ask the witness if he had not been convicted of larceny. Code 1923, § 7723; Wells v. State, 131 Ala. 48, 31 So. 572.

There were other objections and exceptions reserved by defendant on admission and exclusion of evidence, but they are so manifestly without merit that we do not feel called upon to discuss them in detail.

■ In its oral charge to the jury, after directing them as to their duties, and with respect to the law of the case the court said: "You have been sitting here very carefully all day listening to this evidence and you have been very careful in your consideration of it and all the witnesses have testified audibly so that you might understand it, but as to what the law is, you take it from the Court. If the lawyers for the State or for the defendant make a mistake in telling you what the law is there is no redress for it, but you take the law from what the court says, and if the court makes a mistake in what the law is, then the Supreme Court will correct that and do what is right about it." Thereupon, the defendant excepted to the following portion of that statement of the court, "If lawyers make a mistake as to the law there is no redress—if the court makes a mistake the Supreme Court will correct that." There is no merit in this exception. We are fully persuaded the jury fully understood the meaning and purpose of the judge's remarks.

■ Charges 1 and 2, requested by the defendant, were general charges to acquit the defendant, and, inasmuch as the evidence was amply sufficient to carry the case to the jury, the court properly refused to give these instructions.

■ Charge 10 was properly refused. If not otherwise faulty, this charge was

subject to the criticism of being misleading. It was not the contention of the State that the defendant fired the fatal shots that killed Mr. Sanne, but that he was there aiding and abetting the perpetrator; was in a conspiracy to rob and kill the deceased.

Charge 24 was properly refused. The charge is argumentative. Montgomery v. State, 169 Ala. 12, 53 So. 991; Amos v. State, 123 Ala. 50, 26 So. 524.

Charge 9 was refused without error. This charge was not only argumentative, but also had an undue tendency to "promote the adherence to the juror's individual and possibly erroneous conclusions." Holmes v. State, 136 Ala. 80, 34 So. 180, and McClain v. State, 182 Ala. 67, 62 So. 241.

Charge 25 was properly refused. There was no reliance by the State upon circumstantial evidence, wholly, to convict the defendant. There was direct and positive evidence as to defendant's guilt, and hence this charge was properly refused for that reason, if for no other. Bailey v. State, 168 Ala. 4, 53 So. 296, 390; Wilson v. State, 128 Ala. 17, 29 So. 569.

Charge 7 was misleading, if not otherwise objectionable.

We have, in view of the importance of this case, given it our most careful consideration, and we have been unable to find any error committed by the trial court, which could have been prejudicial to the defendant.

The trial seems to have been fairly conducted, and without undue haste, and the court seems to have accorded the defendant and his counsel every opportunity to present the case fairly and fully to the jury. We find no reversible error in the record.

It follows, therefore, that the judgment and sentence appealed from must be affirmed. It is so ordered:

It appearing that the day set for the execution of the sentence of death, heretofore pronounced upon the appellant, has passed pending this appeal, it is now and here ordered that Friday, the 28th day of January, 1938, be, and the same is hereby, fixed and set for the execution of said defendant.

Affirmed.

All the Justices concur.