63 So.2d 564

## CLAYTON v. STATE.

### 7 Div. 196.

Court of Appeals of Alabama.

Oct. 7, 1952.

Rehearing Denied Oct. 28, 1952.

Chas. Thomason, Anniston, for appellant.

Si Garrett, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Maury D. Smith, Montgomery, of counsel, for the State.

PRICE, Judge.

The indictment in this case charged the defendant with the offense of transporting, in quantities of five gallons or more, prohibited liquors or beverages, in violation of Title 29, Section 187 of the Code of Alabama 1940.

The evidence for the State was presented by the arresting officers. Their testimony was to the effect that their attention was attracted to appellant's automobile on the De Armanville road in Calhoun County. When pursued, defendant attempted flight, and it was necessary to puncture his tires with pistol shots to get him to stop. In searching the automobile three corrugated cardboard boxes were found in the trunk, each box containing ten half gallon jars filled with whiskey.

Defendant contended the automobile belonged to his soldier son. He testified his son was at home on furlough and had been using the automobile for a week. He disclaimed ownership of the whiskey and stated he did not know it was in the automobile.

█ This evidence presented a question for the jury to determine and was ample, if believed beyond a reasonable doubt, to sustain the verdict and judgment of conviction. No error resulted in the court's action in refusing the affirmative charge nor denying the motion for a new trial on the ground the verdict was contrary to the preponderance of the evidence.

The only other contention in the case is that the court committed error in refusing certain charges requested by the defendant in writing.

█ Charge 15 was approved in some of the earlier cases but has been held to be properly refused in later cases. Byers v. State, 23 Ala.App. 70, 121 So. 8, certiorari denied 219 Ala. 10, 121 So. 9; Nelson v. State, 35 Ala.App. 1, 46 So.2d 231, certiorari denied 253 Ala. 666, 46 So.2d 236.

█ Charge 16 was likewise refused without error. Odom v. State, 253 Ala. 571, 46 So.2d 1, cites recent authorities condemning this charge because it is not predicated on a consideration of the evidence in the case, and for the use of the expression "probability of defendant's innocence."

█ Moreover, in this case the charge was rendered unintelligible by the substitution of the word "and" for "a" in the phrase "and it is not necessary to raise a reasonable doubt, that the jury should find from all the evidence and probability of defendant's innocence," and was also properly refused for this reason. Jones v. State, 35 Ala.App. 89, 44 So.2d 18.

The judgment of the trial court is ordered affirmed.

Affirmed.