63 So.2d 722

**SHOUSE v. STATE.**

**6 Div. 462.**

Court of Appeals of Alabama.

Oct. 28, 1952.

Rehearing Denied Nov. 25, 1952.

Crampton Harris, Birmingham, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The appellant, H. A. Shouse, was· indicted and convicted for forgery in the second degree. Title 14, Sec. 200, Code 1940.

The instrument which is alleged to have been forged is an appeal bond purporting to assure the appearance of Mathew Arnold Wagoner in the Circuit Court of Jefferson County, Alabama.

It appears that the appellant was employed by the Esdale Bail Bond Company.

Mr. Wagoner was arrested and charged in two cases with driving while intoxicated. The bonding company made two bonds assuring Mr. Wagoner's appearance in the Jefferson County Court of Misdemeanors. The defendant failed to appear and forfeitures on the bonds were ordered. The trials of the principal cases were continued to a later time.

According to the tendencies of the State's evidence, when the date of trials arrived, Mr. Wagoner again did not appear.· The appellant secured a "dummy" or "stand-in" for the real defendant.

The trial judge was, of course, unaware of the fact that a substitution was made. After hearing the evidence, judgments of convictions were ordered in both cases. Appeals were forthwith taken to the circuit court, and the Esdale Bail Bond Company made these bonds. One of these latter instruments became the subject of the forgery charge in the instant case.

■ The evidence for the State does not support a position that the defendant in the case at bar signed Mr. Wagoner's name to the bond. The proof does sustain the contention that he aided and abetted in the commission of the offense of forging the signature or that he, with intent to injure or defraud, uttered and published as true the forged instrument.

The effect of the testimony of the appellant and that of his witnesses was that Mr. Wagoner was present at the trials and that the latter duly signed the appeal bond.

■ We have held that an appearance appeal bond is an instrument in writing which may be made the subject of forgery in the second degree. Terry v. State, 29 Ala.App. 340, 197 So. 44.

On the basis of the State's evidence the court did not err in denying appellant's motion to exclude the testimony and in refusing to him the general affirmative charge.

We are not convinced that the verdict of the jury was contrary to the great preponderance of the evidence. We will not disturb the judgment of the court on the motion for a new trial.

■ L. P. Bradford, a former employee of the Esdale Bail Bond Company, testified in behalf of the State. Over appellant's objections, posing the general grounds, the court permitted this witness to answer the following question:

"While you were working for the Bail Bond Company was there any occasions when Herbert Shouse requested that you go out and request individuals to come into the Jefferson County Court of Misdemeanors, to come and stand up in the court and stand up for some individuals not present?"

The effect of the reply was that the request was made on three occasions and that at one time a party "stood up" for the real defendant.

The insistence is made that this was proof of prior separate offenses and the evidence should not have been allowed.

The appellate courts of this jurisdiction have had numerous occasions to review this question in various forms and approaches. This is illustrated in the following cases: Yarborough v. State, 41 Ala. 405; Gassenheimer v. State, 52 Ala. 313; Curtis v. State, 78 Ala. 12; Stanley v. State, 88 Ala. 154, 7 So. 273; Miller v. State, 130 Ala. 1, 30 So. 379; Jackson v. State, 229 Ala. 48, 155 So. 581; Vincent v. State, 231 Ala. 657, 165 So. 844; Johnson v. State, 242 Ala. 278, 5 So.2d 632; Daniels v. State, 243 Ala. 675, 11 So.2d 756; Robinson v. State, 243 Ala. 684, 11 So.2d 732; Gardner v. State, 17 Ala.App. 589, 87 So. 885; Dennison v. State, 17 Ala.App. 674, 88 So. 211; Wilkins v. State, 29 Ala.App. 349, 197 So. 75; Lee v. State, 31 Ala.App. 91, 13 So.2d 583; McKenzie v. State, 33 Ala.App. 7, 33 So.2d 484, certiorari denied 250 Ala. 178, 33 So.2d 488, 490.

Wigmore on Evidence contains a very comprehensive discussion of this question. See Vol. II, 3rd Ed., beginning at page 192. Note particularly Sections 304 and 315. See also, 22 C.J.S., Criminal Law, § 688, page 1109.

We held in Wilkins v. State, supra, that for evidence of the nature of instant concern to be admissible it is unnecessary that the act be a crime.

It is urged in the case at bar that the prior acts did not necessarily embrace or comprise forgery charges and were therefore inadmissible because of lack of similarity of offenses.

The holding in the Wilkins case, supra, does not sustain this insistence. The accused was charged with the offense of assault with intent to rape. Proof was allowed that on prior occasions he had made "indecent exposures."

In the case of McKenzie v. State, supra, the Supreme Court, on certiorari, made this observation:

"And this principle is emphasized in the instant case by the further fact the proof as to the attack on Mrs. Outlaw followed the like pattern or technique as to Miss Eddins, that is, luring her to the same secluded spot and first making use of the pretense of a lost bracelet and the like."

The evidence for the prosecution in the instant case supports the conclusion that

the appellant was a party to a very unique plan or scheme, that is, getting a dummy or substitute for the real defendant. The obvious purpose was to prevent a final judgment against his employer on the appearance bonds. The prior acts or attempts were transactions that had features common to these. We think that the similarity of the procedures showed the processes of motive, intent, design, and system in the charged offense.

■ The court permitted Mr. Wagoner to testify that he paid the appellant, or someone representing the Esdale Bail Bond Company, a bond fee. This, related to an undisputed matter. Stallings v. State, 249 Ala. 1, 32 So.2d 233; Wilson v. State, 31 Ala.App. 21, 11 So.2d 563.

In the Jefferson County Court of Misdemeanors both cases against Mr. Wagoner were tried on the same day, and an appeal to the circuit court was taken in each case. In the case at bar Mr. Wagoner was allowed to testify that he did not sign either appeal bond assuring his appearance in the latter court, nor did he authorize the insertion of his name on either instrument.

Clearly the substantial rights of the accused were not infringed by the introduction of this proof. Mr. Wagoner previously testified that he was not present at the trial. If the jury accepted this evidence as a fact, it became inescapably apparent that Mr. Wagoner did not sign either bond.

The same rule is applicable to the testimony of Mr. Wagoner's son as to transactions and conversations he had with someone representing the Esdale Bail Bond Company. This evidence related to efforts to make settlements of the two criminal cases then pending against the father of the witness. Supreme Court Rule 45, Code 1940, Tit. 7, Appendix.

■ According to the State's evidence Mr. Wagoner, Sr. was in Tulsa, Oklahoma on the day it is claimed his signature to the bond was forged. Mr. Wagoner's son testified that he talked to his father over long distance telephone on October 22, 1950 and mailed him a check to Tulsa on the day following. The alleged forgery was committed on October 24.

The son was permitted to testify that he knew where his father was because he talked to him over long distance phone and that the call came collect. The ground posed to the objection was that it called for hearsay testimony.

The questions to which objections were interposed sought to elicit only preliminary information. The son did not declare that his father was in Tulsa on the day of the telephone conversation.

31 C.J.S., Evidence, § 188, beginning at page 909, treats at length the rules relating to the admissibility of telephone conversations.

We do not find any reversible error in the matter of instant concern.

Appellant's attorney urges that at times the court permitted leading questions on the part of the prosecuting officers. There was no abuse of discretion in any incident about which complaint is made. Orr v. State, 225 Ala. 642, 144 So. 867; Millhouse v. State, 235 Ala. 85, 177 So. 556; Bruce v. State, 23 Ala.App. 127, 123 So. 263.

Mr. Ira E. Tisdale, a local attorney, was asked this question: "Prior to the 24th day of October, 1950, had you ever been employed by Mr. Jim Esdale to represent people in Judge Boner's court?"

■ The witness answered this question in the negative. The reply removed any possible injury to the rights of the accused. Helms v. State, 254 Ala. 14, 47 So.2d 276; Gills v. State, 35 Ala.App. 119, 45 So.2d 44.

■ During the progress of the trial the solicitor stated in effect that the State did not contend that the appellant signed Mathew Arnold Wagoner's name to the bond. On the basis of this admission appellant's attorney insists that it was error to refuse written instructions A and B.

Whatever other binding effects may be given to the statement of the prosecuting attorney, it cannot be taken to include an admission that the State did not contend that the defendant aided and abetted another in the commission of the offense. The charges, therefore, confined the factual issues within too narrow limitations.

█ It may be pointed out also that the proper hypothesis for charges in criminal cases is "belief 'from the evidence'." Bush v. State, 211 Ala. 1, 100 So. 312.

█ Refused charge numbered 2 was apparently taken from the body of the opinion in Garrison v. State, 217 Ala. 322, 116 So. 705. This, of itself, does not make the charge acceptable. Britling Cafeteria Co. v. Irwin, 229 Ala. 687, 159 So. 228; Maxwell v. State, 32 Ala.App. 487, 27 So.2d 804.

█ This charge is a mere statement of a legal truism without being based on the evidence and omitting any reference of how the legal principle had application to the issues in the case. Maxwell v. State, supra; Fleetwood v. Pacific Mutual Life Ins. Co., 246 Ala. 571, 21 So.2d 696, 159 A.L.R. 171.

█ Refused charges numbered 14 and 53 are covered by the oral charge or given written instructions. Title 7, Sec. 273, Code 1940; Gettings v. State, 32 Ala.App. 644, 29 So.2d 677.

Refused instruction number 21 is not hypothesized on the "belief 'from the evidence'." Bush v. State, supra.

Refused charge numbered 28 is not stated in the same verbiage as the instructions which were approved in Griffin v. State, 150 Ala. 49, 43 So. 197; Odom v. State, 172 Ala. 383, 55 So. 820; Jones v. State, 20 Ala.App. 96, 101 So. 67; and Davis v. State, 23 Ala.App. 419, 126 So. 414.

It is very likely that this variation prohibits the controlling effect of the above authorities. In any event, in more recent cases the appellate courts have departed from this former holding. Byers v. State, 23 Ala.App. 70, 121 So. 8, certiorari denied 219 Ala. 10, 121 So. 9; Nelson v. State, 35 Ala.App. 1, 46 So.2d 231, certiorari denied 253 Ala. 666, 46 So.2d 236; Clayton v. State, Ala.App., 63 So.2d 564.

To sustain the contention of the impropriety of the refusal of charge numbered 43, appellant's attorney cites Walker v. State, 153 Ala. 31, 45 So. 640; Hubbard v. State, 10 Ala.App. 47, 64 So. 633; and others. These authorities are no longer followed by our courts. The writer pointed this out in King v. State, 32 Ala.App. 134, 22 So.2d 448.

█ The charge in the instant case has a tendency to mislead the jury and invades its province. Morris v. State, 18 Ala.App. 456, 93 So. 61; Raymond v. State, 21 Ala. App. 107, 105 So. 394.

The language used in refused charge numbered 54 may be found in the body of appellate court opinions. This alone does not sanction its approval. Authorities, supra. The charge is argumentative.

█ The guilt or innocence of the defendant is not determinable on the basis of a state of confusion and uncertainty in the mind of the jury. For this reason charge numbered 55 was properly refused. Favors v. State, 32 Ala.App. 139, 22 So.2d 914. The charge also has argumentative tendencies.

Refused instructions numbered 19, 62, 63, and 64 are purely argumentative.

We have attempted to respond to each question that is argued in the very able brief of appellant's attorney. Those we have omitted relate to legal principles which have been decided against the position of the accused. We will not point these out in this opinion.

Both the Assistant Attorney General and appellant's counsel have favored us with very able, helpful briefs. Our labors have been lightened on this account.

We find no reversible error appearing in the record.

The judgment below is ordered affirmed. Affirmed.

### On Application for Rehearing.

In this extended opinion on application for rehearing we desire to correct two inadvertent mistakes appearing in our original opinion.

The name of the attorney who testified in the case is Ira E. Tidwell, and not Ira E. Tisdale.

Mr. Wagoner's son testified that he sent his father some money to Tulsa, Oklahoma. The record, therefore, does not warrant our statement that the son sent his father a check to Tulsa.

In brief on application for rehearing counsel for appellant makes this statement:

"A careful examination of the testimony of L. P. Bradford reveals that he is a pathetic and untrustworthy character. This court gives to the testimony of this pathetic witness both a weight and construction which it does not deserve. The court says that the effect of his testimony was, 'that at one time a party stood up for the real defendant.' We respectfully submit that the witness was careful not to say what the court credits him with saying."

We do not think that we went outside the record in making the statement to which reference is made.

Mr. Bradford answered the following question in the affirmative:

"While you were working for the Bail Bond Company was there any occasions when Herbert Shouse requested that you go out and request individuals to come into the Jefferson County Court of Misdemeanors, to come and stand up in the court and stand up for some individuals not present?"

He was then asked: "How many times, Mr. Bradford?" He replied: "I contacted three." Then this question: "Did any of them come to court?" He answered: "I seen one."

The other insistences to which we have not herein responded were treated in our original opinion. Further elaboration would in effect be a repetition.

The application for rehearing is overruled.