# Bell *v.* The State.

*Indictment for Arson.*

1. *Proof of ill-feeling, as showing motive.*—It is sometimes permissible to prove the enmity, or state of ill-feeling, existing between the defendant and the prosecutor, or person whose property has been injured, as tending to show a motive for the crime; but, when such evidence is admissible, the inquiry is limited to the motive or ill-feeling of the defendant himself, and does not extend to members of his family, "unless, perhaps, very special circumstances might vary the rule."

2. *Same.*—The defendant being on trial for the arson of a mill belonging to one S., a witness for the defense was asked, on cross-examination, "the state of feeling between the defendant's family and S.'s family;" and answered, "that it was good, but some of the defendant's family did not like Mrs. S. much." *Held,* that the evidence was irrelevant and ought to have been excluded.

3. *Recalling witness; what is revisable.*—The refusal to allow a witness to be recalled, for the purpose of laying a predicate to impeach him, is within the discretion of the primary court, and is not revisable.

4. *Costs of return to certiorari.*—A *certiorari* having been granted in this case, to perfect the record by showing the organization of the grand jury and other proceedings, it was ordered, that the clerk be allowed no costs for the return.

FROM the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

The indictment in this case charged the defendant, James Bell, with the willful burning of the mill and gin-house of Lee Stewart. The defendant pleaded not guilty, and was tried on

[Bell v. The State.]

issue joined on that plea. On his trial, he reserved numerous exceptions to the rulings of the court in the admission of evidence, and in the matter of charges given and refused; and these several rulings were here urged as error. A *certiorari* was granted, on motion of the Attorney-General, to perfect the record by showing the organization of the court, the impanelling of the grand jury, and other matters omitted from the transcript first filed.

N. W. GRIFFIN, for appellant.

H. C. TOMPKINS, Attorney-General, *contra.*

STONE, J.—A witness for the defense was asked, on cross-examination, "what was the state of feeling between defendant's family and Stewart's family." Stewart was the owner of the mill, for the alleged burning of which defendant was on trial. This question was objected to, the objection overruled, and defendant excepted. "The witness replied, that it was good, but that some of defendant's family did not like Mrs. Stewart much." Defendant then moved to exclude said answer; the motion was overruled, and defendant again excepted. The purpose of this evidence must have been, to show a motive for the commission of the imputed crime. This is permissible, in proper cases.—Whar. Cr. Ev. § 784. But, in such cases, the inquiry is as to the motive of the accused himself, and not of another, even though that other be a member of his own family; unless, perhaps, very special circumstances might vary this rule. That some of the defendant's family did not like Mrs. Stewart, is certainly too remote and unreliable a circumstance, to be received as evidence that defendant had a motive for burning Mr. Stewart's mill. If we are mistaken in the purpose for which the testimony was offered, then we can conceive of no legitimate purpose for its introduction, and it was wholly irrelevant. This must work a reversal of the case.

Most of the other questions argued will not be likely to arise again, and we need not consider them. The refusal of the court to allow the witness Johnson to be recalled, for the purpose of laying a predicate for his impeachment, was within the discretion of the court, and not revisable.—*Mosely's case,* 2 Ala. 43.

Reversed and remanded. Let the accused remain in custody until discharged by due course of law.

The clerk of the Circuit Court will be allowed no costs for the return to the *certiorari.*