. BARRY v. STATE. (4 Div. 846.)

(Court of Appeals of Alabama. July 14, 1923.)

**1. Witnesses �köö290—Repetition not permissible on re-examination.**

Generally the purpose of re-examination of a witness is to elicit further evidence in respect to the facts, and it is not error for the court to refuse to allow a witness to repeat the testimony he had already given.

**2. Criminal law �køö1153(4)—Witnesses �køö 394—Admission of evidence on re-examination held discretionary.**

Where witness for accused on cross-examination had denied that he made certain statements, and later a witness for the state testified that accused's witness did make such statements, held, that the trial court did not err in refusing to allow accused's witness, on being recalled, to state whether or not the statements made by the state's witness were true; such action by the trial court being discretionary and not reviewable.

**3. Criminal law ⊚køö450—Not permissible to ask one witness as to truth of statement of another witness.**

Where witnesses made conflicting statements, held, that it was not permissible to ask one of them if the statement made by the other witness was true; that being a question for the jury.

Appeal from Circuit Court, Barbour County; G. W. Peach, Special Judge.

Freddie Barry was convicted of murder in the second degree, and appeals. Affirmed.

McDowell & McDowell, of Eufaula, for appellant.

Counsel argue for error in the rulings on the trial, but cite no authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

It is insisted that the rulings were free from error, but no authorities are cited.

FOSTER, J. The defendant, appellant, was tried for murder in the first degree, was convicted of murder in the second degree, and was sentenced to imprisonment in the penitentiary for 10 years, as punishment. The evidence of the state was directed to showing that the defendant provoked the fatal difficulty and shot the deceased without justification or legal excuse. The defendant's insistence was that the deceased was at fault in bringing on the difficulty and that the killing was in self-defense.

Claud Goodson, a witness for the defendant, testified that the deceased had made threats against the defendant, which the witness had communicated to the defendant. The witness on cross-examination testified that he had not taken an interest in the defense, that he had not offered to pay money to get witnesses to testify, that he "didn't tell Preacher Harris, or ask him if it wouldn't be better for him to take a little money and let this boy go to the penitentiary than for him to be hung and get nothing," and "didn't tell Harris about three weeks ago in Mr. Perkins' store that, if he (Goodson) could get on this jury, he would send him (the defendant) to the penitentiary." Preacher Harris was called as a witness for the state, and testified that the witness Goodson had made to him the statements inquired about. Goodson was recalled by defendant and the following question was propounded to him:

"Mr. Goodson, I will ask you whether or not the statements made by Preacher Harris were true or not, about what you said about him?"

The court sustained the objection interposed by the state to the above question, on the ground that it was a repetition, and the defendant duly excepted.

[1] Generally the purpose of re-examination of a witness is to elicit further evidence in respect to the facts, and it is not error for the court to refuse to allow a witness to repeat the testimony he has already given.

[2] The court did not err in refusing to allow the witness Goodson upon being recalled to state whether or not the statements made by Preacher Harris were true. The witness had already answered the question by denying that he had made the statements. The action of the court in declining to allow him to answer the question again was entirely discretionary, and its refusal is not reviewable here. Parrish v. State, 139 Ala. 16, 36 South. 1012; Phœnix Ins. Co. v. Moog, 78 Ala. 284, 56 Am. Rep. 31; Hobbs v. State, 75 Ala. 1; Gayle v. Bishop, 14 Ala. 552; Bell v. State, 74 Ala. 420; State v. Marler, 2 Ala. 43, 36 Am. Dec. 398.

[3] Furthermore, it was a question for the jury to determine which statements, whether those made by Harris or those made by Goodson, were true. It was not permissible to ask the witness if the statement made by another witness was true.

The witness thus interrogated should give his recollection of the language used. It is the province of the jury to draw the conclusion as to the truth or falsity of the statement. Johnson v. State, 94 Ala. 35, 10 South. 667; Birmingham Ry. & Electric Co. v. Jackson, 136 Ala. 279, 34 South. 994; Butler v. State, 16 Ala. App. 234, 77 South. 72. This is

the only point upon which appellant's counsel insist that this case should be reversed.

We find no error in the record. The judgment of the circuit court is affirmed.

Affirmed.