STATE OF NORTH CAROLINA v. JAMES CHARLES SMITH

No. 6910SC86

(Filed 2 April 1969)

**1. Burglary and Unlawful Breakings § 5; Indictment and Warrant § 11
— variance — occupant of building broken and entered — owner of business conducted therein**

In this prosecution for breaking and entering, there is no fatal variance where the indictment alleges the building broken and entered was occupied by a named person and the evidence shows that the service station business conducted in the building was managed by another but was owned by the person named in the indictment.

2. **Larceny § 7; Indictment and Warrant § 11— variance — ownership of stolen property — owner of building**

In this prosecution for larceny of a radio and gloves from a service station, there is no fatal variance where the indictment places ownership of the property in the owner of the service station and his brother who managed the station, and the evidence shows the radio and gloves were the sole property of the brother, since the service station owner had such a special property in the radio and gloves as would sustain the indictment.

3. **Burglary and Unlawful Breakings § 5; Larceny § 7— recent possession of property stolen by breaking and entering — presumptions**

When it is established that a store has been broken and entered and that merchandise has been stolen therefrom, the recent possession of such stolen merchandise raises presumptions of fact that the possessor is guilty of the larceny and of the breaking and entering.

4. **Burglary and Unlawful Breakings § 5; Larceny § 7— sufficiency of evidence**

In this prosecution for breaking and entering and larceny, defendant's motions for nonsuit are properly denied where the evidence tends to show that a service station was broken and entered at nighttime and property stolen therefrom, and that defendant was apprehended shortly thereafter near the crime scene with the stolen property in his possession.

5. **Criminal Law §§ 102, 165— argument of solicitor and counsel**

Control of the argument of the solicitor and counsel rests largely in the trial court's discretion, and only in extreme cases of abuse where the court fails to intervene or correct an impropriety will a new trial be awarded on appeal.

APPEAL by defendant from *Bickett, J.,* at the September 1968 Regular Criminal Session of WAKE Superior Court.

The indictment, proper in form, charged that on 28 June 1968 defendant did: (summarized) (1) break and enter a certain storehouse and building, etc., "occupied by one Bobby L. Murray t/d/a Murray's Gulf Service, located at 501 Fayetteville St., Raleigh," wherein merchandise and other personal property were being kept, etc.; (2) after having broken into said building occupied by Bobby L. Murray t/d/a Murray's Gulf Service, located at 501 Fayetteville St., Raleigh, steal, take and carry away one G.E. 10 transistor radio and one pair men's gloves of the value of $53.50, the property of the said Bobby L. Murray t/d/a Murray's Gulf Service and Jimmy Murray, etc.; and (3) received said personal property knowing the same to have been feloniously stolen, etc.

Defendant was represented at trial by the same court-appointed attorney who represents him on this appeal. At the conclusion of the State's evidence, defendant's motion for nonsuit as to the re-

ceiving count was allowed, but the motion as to the other two counts was overruled. The jury found the defendant guilty of the charges of breaking and entering and larceny, and from active prison sentences imposed, defendant appealed.

*Attorney General Robert Morgan, Deputy Attorney General Harrison Lewis and Trial Attorney Robert G. Webb for the State.*

*R. P. Upchurch for defendant appellant.*

BRITT, J.

Defendant first assigns as error the refusal of the trial court to grant his motions for judgment of nonsuit as to the breaking and entering and larceny charges.

[1] On this assignment of error, defendant contends that there was a fatal variance between the allegations in the bill of indictment and the evidence on both the breaking and entering and the larceny charges. Bobby L. Murray, named in the bill of indictment, was not called as a witness for the State. His brother Jimmy Murray testified that he was manager of the Murray Gulf Service located at 501 Fayetteville Street, in the city of Raleigh; that he had been such manager for four years; that the station was owned by his brother Bobby L. Murray and that he did business as Murray's Gulf Service. We think that the evidence, including the testimony of Jimmy Murray, was not at variance with the bill of indictment and was sufficient to show that Bobby L. Murray was the owner of the service station business and as such was the occupant of the building alleged to have been broken into and entered.

[4] The evidence for the State tended to show the following: Jimmy Murray closed Murray's Gulf Service at approximately 8:00 p.m. on 28 June 1968 and locked all doors; pursuant to a call from the police department, he returned to the station around midnight and found the glass in the washpit door had been broken out, the glass in the door separating the lubrication room from the sales office had been broken, and a transistor radio and a pair of gloves had been taken from the service station. Jimmy Murray testified that the radio was his property and was on a desk in the service station when he locked and left the station around 8:00 p.m.; that the gloves were his and he used them regularly to pull down the heavy doors of the station, leaving them in the station on the night in question. J. M. Edwards of the Raleigh Police Department testified that at about 11:25 p.m. on 28 June 1968 he received a call to go to the area of Barnett's Esso Service Station which is located in the northwest inter-

section of Fayetteville Street and Cabarrus Street, diagonally across Fayetteville Street from Murray's Gulf Service. As he approached the Barnett Station, he saw the defendant, almost running, coming across a parking lot adjacent to the station, and as defendant went past the police car headlights he threw some gloves and a screwdriver on the ground. Mr. Edwards apprehended the defendant near the Barnett Station, and the defendant had a transistor radio in his hand. Jimmy Murray identified the radio and gloves as his property and as the same radio and gloves which he had left in the Murray Gulf Service Station at approximately 8:00 p.m. that night.

[2]    Defendant insists that there was fatal variance between the allegation of ownership in the larceny count and the evidence; that the indictment alleges that the transistor radio and the gloves belonged to Bobby L. Murray and Jimmy Murray but that the evidence disclosed that the radio and gloves were the sole property of Jimmy Murray. We hold that Bobby L. Murray had such a special property in the radio and the gloves as would sustain the indictment. Our holding is supported by *State v. Allen*, 103 N.C. 433, 9 S.E. 626, in which case the defendant was charged with larceny of some pork, the property of James I. Deloatch; the evidence disclosed that although the pork was in Deloatch's smokehouse, it belonged to his sister and he was keeping the meat for her. The Supreme Court held that Deloatch had such a special property in the meat as would sustain the indictment. See also *State v. Law*, 228 N.C. 443, 45 S.E. 2d 374, in which *State v. Allen, supra,* is cited. The case at bar is made stronger by the fact that the gloves were used in connection with the operation of Bobby L. Murray's business.

[3]    We think the principle of law restated by our Supreme Court in *State v. Allison*, 265 N.C. 512, 144 S.E. 2d 578, is applicable to the case at bar. The following is quoted from the opinion:

   "* * * These facts are sufficient to invoke the following well-established legal principle: If and when it is established that a store has been broken into and entered and that merchandise has been stolen therefrom, the recent possession of such stolen merchandise raises presumptions of fact that the possessor is guilty of the larceny *and* of the breaking and entering. *S. v. Hullen*, 133 N.C. 656, 45 S.E. 513; *S. v. White*, 196 N.C. 1, 144 S.E. 299; *S. v. Lambert*, 196 N.C. 524, 146 S.E. 139; *S. v. Neill*, 244 N.C. 252, 93 S.E. 2d 155."

[4]    We hold that the evidence was sufficient to overcome the motions for nonsuit, and the assignment of error relating thereto is overruled.

**[5]** Defendant also assigns as prejudicial error certain portions of the solicitor's argument to the jury. In *State v. Burgess,* 1 N.C. App. 104, 160 S.E. 2d 110, this court said:

"The control of the argument of the solicitor and counsel must be left largely to the discretion of the trial court, and it is only in extreme cases of abuse and when the trial court does not intervene or correct an impropriety that a new trial may be allowed on appeal. *State v. Barefoot,* 241 N.C. 650, 657, 86 S.E. 2d 424; *State v. Bowen,* 230 N.C. 710, 711, 55 S.E. 2d 466; *State v. Horner,* 139 N.C. 603, 52 S.E. 136."

We hold that there was no prejudicial error in the solicitor's argument and the assignment of error relating thereto is overruled.

Defendant also assigns as error certain portions of the trial court's charge to the jury. We have carefully reviewed the charge and, considering it contextually, we find that it was free from prejudicial error, and the assignments of error relating thereto are overruled.

We have considered the other assignments of error brought forward and argued in defendant's brief, but finding them without merit, they are overruled.

No error.

MALLARD, C.J., and PARKER, J., concur.