STATE OF NORTH CAROLINA v. LARRY DONALD BAILEY

No. 736SC114

(Filed 23 May 1973)

**Burglary and Unlawful Breakings § 5; Larceny § 7— unsupported accomplice testimony — sufficiency to sustain conviction**

In an action charging defendant with breaking and entering and larceny where no stolen merchandise was ever found in defendant's possession and there was no physical evidence linking the defendant to the commission of the crime, the unsupported testimony of an accomplice as to the performance of the crime and the opening of a safe taken during the larceny was sufficient to sustain defendant's conviction.

APPEAL by defendant from *Cowper, Judge,* 17 July 1972 Regular Session of HERTFORD County Superior Court.

Defendant was tried on a three-count bill of indictment charging him with breaking and entering, larceny and receiving. He was convicted of breaking and entering and larceny, and sentenced to a term of imprisonment of ten years on each charge to run consecutively.

The State's evidence tended to show that defendant was employed by David Earl Brinkley as a carpenter, and that on 9 September 1971 Brinkley's home was broken into and a valuable gun and coin collection taken. Brinkley valued the collections at eight to ten thousand dollars. Additionally, a steel safe weighing about 350 to 500 pounds was taken from the home. The safe contained some of the coins in Brinkley's collection. Defendant was also a coin collector and had seen Brinkley's collection.

Lloyd Fletcher Crawford testified to having participated in the crime and explained in detail the manner of its performance and the opening of the safe. He testified he was paid $1,000 by defendant as a share of the spoils. Crawford's testimony not only implicated the defendant, but established him as the originator and guiding force behind the larceny plan.

Crawford testified that he and defendant took the safe to a cottage at Kitty Hawk, North Carolina, some few days after the theft, and that there they cut a hole in the safe using an electric grinder. Afterwards the safe was thrown from a bridge into Currituck Sound but was never found.

Mr. William E. Pierce, a forensic chemist with the State Bureau of Investigation, testified that he examined vacuum sweepings of the cottage in which Crawford said that he and defendant opened the safe. Pierce found the dust to contain particles of melted steel pellets and a small amount of corundum dust. The steel pellets, in his opinion, had been melted from a high-temperature grinding operation. Corundum, he explained, "is a very hard mineral used in grinding and cutting operations."

*Attorney General Robert Morgan by Associate Attorney George W. Boylan for the State.*

*Jones, Jones & Jones by L. Herbin, Jr., for defendant appellant.*

CAMPBELL, Judge.

Counsel is reminded that the rules of practice in this Court are not merely advisory, but are mandatory. Attention is directed to Rule 27½ of the Rules of Practice, which provides in part:

> "The first page of appellant's brief, other than formal matters appearing thereon, shall be used exclusively for a succinct statement of the question or questions involved on the appeal. Such statement should not ordinarily exceed fifteen lines, and should never exceed one page. . . .

> The statement of the questions involved or presented by the appeal, is designed to enable the Court, as well as counsel, to obtain an immediate view and grasp of the nature of the controversy; and a failure to comply with this rule may result in a dismissal of the appeal."

Appellant's record contains 84 exceptions, grouped into 42 assignments of error. These exceptions and assignments of error were brought forward in appellant's brief in 45 questions, the statement of which requires 14 pages of the 156-page brief.

"It would much facilitate the argument and decision of causes if counsel would always thus carefully go over the exceptions, taken out of abundant caution during the trial, and eliminate all except those which on reflection are deemed vital, and thus concentrate their argument and our attention on pivotal points of the case." *Britt v. R. R.*, 148 N.C. 37, 61 S.E. 601 **(1908)**.

No stolen merchandise was ever found in the defendant's possession, and there was no physical evidence linking the defendant to the commission of the crime. However, regardless of whether Crawford's confession testimony was corroborated, the unsupported testimony of an accomplice is sufficient to sustain a conviction if it satisfies the jury beyond a reasonable doubt of the guilt of the defendant. *State v. Tilley*, 239 N.C. 245, 79 S.E. 2d 473 (1954).

We find no error in the conduct of the trial and the defendant's conviction and judgment is

Affirmed.

Judges BRITT and MORRIS concur.