STATE OF NORTH CAROLINA v. TONY MINK

No. 7422SC676

(Filed 2 October 1974)

1. **Burglary and Unlawful Breakings § 5— accomplice testimony — sufficiency to sustain conviction**

In a prosecution for felonious breaking or entering, the trial court properly denied defendant's motion for nonsuit based on defendant's

contention that testimony of an accomplice was uncorroborated, since the unsupported testimony of an accomplice is sufficient to sustain a conviction if it satisfies the jury beyond a reasonable doubt of defendant's guilt; furthermore, the record is replete with evidence tending to corroborate the testimony of the accomplice in this case.

2. **Criminal Law §§ 113, 163— misstatement of evidence in jury charge — correction in trial court required**

Misstatement of the testimony of a sheriff by the trial court in instructing the jury was not prejudicial to defendant where such error was not called to the attention of the court during the trial and where similar testimony was given at trial by another witness.

3. **Constitutional Law § 33— right of defendant to remain silent**

Evidence in a prosecution for felonious breaking and entering as to defendant's silence regarding the fact that a television set and radios were in the automobile occupied by the defendant and two accomplices was properly admitted, since there was nothing to indicate that defendant's silence followed any accusatory statement made by the sheriff.

4. **Criminal Law § 165— argument of solicitor — necessity for objection in trial court**

Objections to portions of the State's argument to the jury should be made before the case is submitted to the jury; furthermore, control of the argument of the district attorney and counsel rests largely in the discretion of the trial court, and only in extreme cases of abuse where the court fails to intervene or correct an impropriety will a new trial be awarded on appeal.

APPEAL by defendant from *Wood, Judge,* 11 March 1974 Session of Superior Court held in ALEXANDER County. Heard in the Court of Appeals on 29 August 1974.

This is a criminal prosecution on a bill of indictment, proper in form, charging the defendant with felonious breaking or entering.

Upon the defendant's plea of not guilty, the State offered evidence tending to show that on the night of 15 January 1974 the defendant, Jesse Johnson, and David Connor went from North Wilkesboro by way of Taylorsville to Hiddenite, North Carolina, in an automobile driven by the defendant for the purpose of breaking into the Hiddenite Exxon Service Station. When they arrived at the service station, the defendant broke the glass out of the station's front door with a lug wrench he had taken from the automobile. They all entered the service station and removed therefrom several radios, a television set, and a small amount of money from the cash register. Shortly after leaving the service station, with the defendant driving, they

State v. Mink

were stopped by Tom Bebber, the Sheriff of Alexander County, who seized the radios and television set.

The defendant testified in his own defense. He denied that he had been driving the car and denied that he had participated in any way in the break-in of the service station or the larceny of the radios and television set. Defendant testified that he had been drinking heavily on this occasion and that he went to sleep prior to arriving in Taylorsville and did not wake up until David Connor punched him and said that they were being stopped by the Sheriff.

From a verdict of guilty as charged and from a judgment imposing a prison sentence of ten years, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General George W. Boylan for the State.*

*Edward L. Hedrick for defendant appellant.*

HEDRICK, Judge.

[1] The defendant assigns as error the denial of his motion for nonsuit. The defendant contends "that the court erred in failing to nonsuit the case based on the uncorroborated testimony of an accomplice . . . . " The record is replete with evidence tending to corroborate the testimony of the accomplice, Jesse Johnson. Furthermore, the unsupported testimony of an accomplice is sufficient to sustain a conviction if it satisfies the jury beyond a reasonable doubt of the guilt of the defendant. *State v. Tilley,* 239 N.C. 245, 79 S.E. 2d 473 (1954) ; *State v. Bailey,* 18 N.C. App. 313, 196 S.E. 2d 556 (1973), cert. denied, 283 N.C. 754, 198 S.E. 2d 724 (1973), cert. denied, 415 U.S. 976 (1974). This assignment of error is not sustained.

[2] Defendant also contends that he was prejudiced by the trial court's summary of the testimony of Sheriff Bebber wherein the court stated that, upon approaching the automobile in which the defendant and his friends had been riding, Bebber "saw movements and saw Tony Mink and David Connor switch." The court had earlier ruled that the sheriff's statement that there was movement in the front seat "as if somebody was switching drivers" should be stricken. This contention is without merit.

"Slight inadvertencies in recapitulating the evidence or stating contentions must be called to the attention of the court

in time for correction. Objection after verdict comes too late."
*State v. Goines,* 273 N.C. 509, 514, 160 S.E. 2d 469, 472 (1968)
(citations omitted). It does not appear that the court's mis-
statement of the evidence was called to the attention of the trial
court during the trial. Furthermore, in view of the fact that
Jesse Johnson testified, without objection, that the defendant
was driving the car and that he switched places with David
Connor when the sheriff stopped them, we are of the opinion
that this assignment of error should be overruled.

[3] Defendant, by his third assignment of error, contends the
court erred in allowing the assistant district attorney on cross-
examination of the defendant to elicit evidence that the defend-
ant made no statement to anyone, and particularly to Sheriff
Bebber, regarding the fact that the television set and radios
were in the automobile occupied by the defendant and the two
accomplices. The defendant further contends that the court
committed prejudicial error in allowing the assistant district
attorney to cross-examine David Connor with respect to the
defendant's silence.

We recognize the principle that evidence as to the silence
of a defendant in the face of an accusatory statement is in-
competent when the accused has been taken into custody and
police officers are present. *Miranda v. Arizona,* 384 U.S. 436,
468, n. 37 (1966) ; Stansbury, N. C. Evidence, Brandis Revision,
Vol. 2, § 179, p. 54. There is nothing, however, in this record
to indicate that the sheriff made any accusatory statement to
the defendant or any of the accomplices. Moreover, it is clear
from the record that the questions objected to were for the
purpose of attacking the credibility of the defendant's conten-
tion that he had been asleep during the commission of the crime.

[4] Finally, the defendant contends, based on four exceptions
noted in the record, that the assistant district attorney made
prejudicial and improper statements to the jury which entitle
the defendant to a new trial. Procedurally, none of the defend-
ant's objections to the argument of the assistant district attorney
is properly before this Court in that the record clearly discloses
that such objections were not brought to the attention of the
trial court for rulings thereon prior to submission of the case
to the jury. Objections to portions of the State's argument to
the jury should be made before the case is submitted to the jury.
*State v. Peele,* 274 N.C. 106, 161 S.E. 2d 568 (1968), cert. de-
nied, 393 U. S. 1042 (1969). Furthermore, control of the argu-

ment of the district attorney and counsel rests largely in the discretion of the trial court, and only in extreme cases of abuse where the court fails to intervene or correct an impropriety will a new trial be awarded on appeal. *State v. Smith,* 4 N.C. App. 261, 166 S.E. 2d 473 (1969), cert. denied, 275 N.C. 341 (1969); *State v. Burgess,* 1 N.C. App. 104, 160 S.E. 2d 110 (1968).

We have carefully examined each exception upon which these assignments of error are based and find no impropriety upon the part of the assistant district attorney in his argument to the jury which would warrant the trial judge's intervention. These assignments of error have no merit.

The defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and BALEY concur.