STATE OF NORTH CAROLINA v. LEE THOMAS HAMILTON

No. 26

(Filed 3 October 1979)

1. Criminal Law § 15.1 — pretrial publicity—denial of change of venue

The trial court in a prosecution for burglary, kidnapping and rape did not abuse its discretion in the denial of defendant's motion for a change of venue because of unfavorable pretrial publicity.

State v. Hamilton

2. **Criminal Law § 66.8— admissibility of photograph used in photographic identification**

A photograph of defendant used in a photographic identification procedure was properly admitted in evidence where a rape and kidnapping victim immediately picked out a photograph of defendant as her assailant when shown photographs of five young black males; the photograph of defendant had been taken at the sheriff's office after his arrest earlier that day; and the evidence showed that officers had probable cause to arrest defendant and that his arrest was therefore lawful.

3. **Criminal Law § 66.16— in-court identification—no taint from pretrial photographic identification**

A rape and kidnapping victim was properly permitted to identify defendant at trial as her assailant where the court found upon supporting voir dire evidence that the victim had ample opportunity to view defendant at the time the crimes were committed; a pretrial photographic procedure was not illegal; and the victim's identification of defendant at trial was of independent origin and not tainted by the pretrial photographic identification.

4. **Criminal Law § 113.1— instructions supported by evidence**

In a prosecution for burglary, kidnapping and rape, the trial court in its review of the evidence did not mistakenly quote defendant as stating that his girl friend burned his clothing when defendant did not in fact testify at trial, since the record shows that the court was referring to a statement of an S.B.I. agent or some other witness. Furthermore, the court's reference in the charge to blood having been found on defendant's clothing was supported by the evidence at trial.

5. **Criminal Law § 114.2— instructions—"confession" by defendant—conflicting statements by defendant—no expression of opinion**

In a prosecution for first degree burglary, kidnapping and rape, the trial court did not express an opinion in instructing the jury, "The evidence tends to show that the defendant confessed that he committed the crime charged in this case," since defendant's statement to officers did in fact amount to a "confession" of the crimes of first degree burglary and rape. Nor did the court express an opinion in instructing that defendant "made two conflicting statements" where defendant did make conflicting statements as to how blood got on his clothing, and the court's statement merely reminded the jury that they should consider both statements.

Justice BROCK took no part in the consideration or decision of this case.

APPEAL by defendant from *McConnell, J.*, 4 December 1978 Criminal Session of UNION Superior Court.

Upon bills of indictment proper in form, defendant was tried for (1) first-degree rape, (2) kidnapping and (3) first-degree burglary. The alleged victim of the rape and kidnapping charges

was Teresa Janet Pressley, 11 years old. The home allegedly burglarized was that of Teresa's father, James W. Pressley. Defendant pled not guilty to all charges.

Evidence presented by the state is summarized briefly as follows:

On 4 October 1978 the James Pressley family was residing in a new home in the town of Wingate, N. C. The family consisted of Mr. and Mrs. Pressley and four children, including 11-year-old Teresa and 8-year-old Debbie. At about 10:00 p.m. on that date the family went to bed, all windows and doors leading to the outside of the house being closed. Teresa and Debbie shared a bedroom together.

Around midnight Teresa awoke and found a man in her room. The man lifted her from her bed, put her through an open window onto the ground and then went out the window behind her. Teresa began running and the man caught her and threatened her with a knife. He then carried her to some tall grass or weeds at the edge of the yard and forcibly had sexual intercourse with her.

After the man left, Teresa went to the front door of her home and screamed for her parents. They awoke, went to the door and admitted her into the house. She was bleeding from her genital area and told her parents what had happened.

Police officers were called and the sheriff caused a bloodhound to be used. The dog picked up a trail in the Pressley yard and proceeded some three or four blocks to a house occupied by defendant's girl friend. She gave the police permission to search the house and they found defendant hiding behind some clothing in a closet. His underwear had blood on it.

Defendant was arrested and several hours later he made a statement. He stated that he entered the Pressley home by removing a screen and entering a bedroom window; that the room was occupied by two people; that a young girl went with him through the window and into the yard; and that he had sexual intercourse with her. He further stated that she consented to having intercourse with him.

Teresa was carried to the hospital where she was examined and treated. Surgery was required to repair torn places in her

genital area. Later that day she viewed several photographs and identified defendant as her assailant. She positively identified him at trial.

Defendant offered no evidence.

The jury found defendant guilty as charged. The court consolidated the rape and kidnapping cases for purpose of judgment. It then entered judgments imposing two life sentences to begin at the expiration of a 20-25 year sentence imposed on 16 May 1978 in Union County in Case No. 78CRS1731.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas F. Moffitt, for the State.·*

*Joe P. McCollum, Jr., for defendant-appellant.*

BRITT, Justice.

[1] By his first assignment of error, defendant contends the trial court erred in denying his motion for a change of venue because of unfavorable pretrial publicity. The assignment is without merit. This motion was addressed to the sound discretion of the trial judge and his ruling thereon will not be disturbed absent a showing of abuse of discretion. 4 Strong's N.C. Index 3d, Criminal Law § 15.1. We perceive no abuse of discretion in this case.

By his second and third assignments of error, defendant contends the trial court erred (1) in admitting into evidence photographs of him and others used in the identifying procedure, and (2) in admitting Teresa's testimony identifying him as her assailant. There is no merit in these assignments.

[2] With respect to the photographs, defendant argues that in *State v. Accor and Moore*, 277 N.C. 65, 175 S.E. 2d 583 (1970), this court recognized the principle that when photographs are used to identify a defendant, the state must show that a photograph of the defendant was lawfully obtained; and that absent such a showing, the photograph and evidence relating thereto, when objected to by the defendant, are inadmissible at trial. We hold that the principle was not violated in the case at hand.

While she was testifying, Teresa was asked if she could identify the man who committed the acts complained of. Defendant ob-

jected, the jury was taken from the courtroom, and the court conducted a voir dire. Evidence presented at the voir dire tended to show that around 11:00 a.m. on 5 October 1978 Sheriff Fowler and other officers went to Teresa's hospital room. After obtaining permission from hospital personnel to talk to her, they proceeded to do so. She told them that she would be able to identify the man who molested her. The officers thereupon placed photographs of five young black males, including defendant, on a table and Teresa immediately selected a photograph of defendant as a photograph of her assailant.

The photograph of defendant had on it the date of 5 October 1978 and the sheriff testified that it was made on that date. Other testimony showed that defendant was arrested at the home of his girl friend around 3:30 that morning, carried to the sheriff's office and "processed" which included being photographed and finger-printed. Following the voir dire the court made findings of fact and concluded, among other things, that "there were no illegal identification procedures" in connection with the victim's iden-tification of defendant.

G.S. 15A-502(a)(1) authorizes the photographing of a person charged with a felony or a misdemeanor when the person has been "arrested"; G.S. 15A-502(b) and (c) set forth certain excep-tions not pertinent to the case at hand. Of course, the arrest must have been lawful. The evidence in this case was more than suffi-cient to show that there was probable cause to arrest defendant on the morning of 5 October 1978, hence his arrest was lawful.

A new trial was granted in *Accor* and *Moore* primarily for the reason that there was no showing that defendants were being *lawfully* detained at the time their photographs were being taken. That was not the case here.

[3] With respect to the admission of Teresa's testimony identify-ing defendant, clearly there was no error. She testified at the voir dire. The court found and concluded that she had ample oppor-tunity to view defendant at the time the crimes were committed, that there was nothing to indicate that her identification was tainted and that her identification of defendant at trial was of in-dependent origin, based solely on what she saw at the time the alleged crimes were committed. The court's findings are amply supported by the evidence, therefore, this court is bound by

State v. Hamilton

them. *State v. Woods*, 286 N.C. 612, 213 S.E. 2d 214 (1975), death sentence vacated, 428 U.S. 903 (1976); *State v. Tuggle*, 284 N.C. 515, 201 S.E. 2d 884 (1974). The findings fully support the conclusions of law.

Defendant's main argument on these assignments appears to be that the court did not make sufficient findings of fact. Should we concede that point, which we do not, the error was harmless in view of the fact that the record shows that the pretrial identification procedure was proper and that the in-court identification of defendant had an origin independent of the pretrial identification. *State v. Stepney*, 280 N.C. 306, 185 S.E. 2d 844 (1972); *State v. Williams*, 274 N.C. 328, 163 S.E. 2d 353 (1968).

[4] By the next assignment of error argued in his brief, defendant contends the trial court erred in reciting evidence in the jury charge that was not presented to the jury. This assignment has no merit.

Defendant argues that the court mistakenly referred to evidence (1) quoting him as stating that his girl friend burned his clothing, and (2) that blood was found on his clothing. He submits that while such evidence was shown on voir dire, it was not presented to the jury. We disagree.

A careful examination of the jury charge discloses that while the court was reviewing the testimony, and particularly that of S.B.I. Agent Richardson which included statements made by defendant to him, the court said that "he stated that she had burned them (defendant's clothing) out in the backyard". This statement standing alone might indicate that the court was referring to defendant. However, the next sentence in the charge is: "That was brought out on cross-examination of one of the witnesses." Defendant was not a witness at trial. Therefore, it is clear that the court was referring to a statement by Agent Richardson or some other *witness*.

The reference in the jury charge to blood having been found on defendant's clothing is clearly supported by the evidence. The statement given by defendant to Agent Richardson (Exhibit 16) was admitted into evidence and it contains several references to blood on defendant's clothing.

The assignment of error is overruled.

[5]   By the last assignment of error argued in his brief, defendant contends the trial court committed error by expressing an opinion on the evidence. We find no merit in this assignment.

Evidently this assignment is based on Exceptions 9 and 10 to the jury charge.. Portions of the charge relating to these exceptions are as follows:

> The fact that he made a statement should be scrutinized by you. He would contend that he didn't make it; and if he did make it, it wasn't voluntary. You heard the officers testify that they advised him of his constitutional rights to remain silent, and the other rights that they advised him of; and that he made this statement; and that he made it freely and voluntarily. That is a matter for the jury to determine. (The evidence tends to show that the defendant confessed that he committed the crime charged in this case.)

EXCEPTION NO. 9

> That is what the statement said. If you find that the defendant made that confession, then you will consider all of the circumstances under which it was made in determining whether it was a truthful confession, and the weight you will give it.

> (He made two conflicting statements.)

EXCEPTION NO. 10

> The defendant will contend that he was under pressure to make it, and that it was not a voluntary statement; and that it was not truthful; that the first statement was the truth. He contends they were conflicting statements, and you should consider this.

With respect to Exception 9, this court has approved many times the use of the words "the evidence tends to show". *See State v. Roberts*, 293 N.C. 1, 235 S.E. 2d 203 (1977); *State v. Bailey*, 280 N.C. 264, 185 S.E. 2d 683, *cert. denied*, 409 U.S. 948 (1972); *State v. Huggins*, 269 N.C. 752, 153 S.E. 2d 475 (1967). We then consider whether the statement referred to amounted to "a confession" of the crimes charged.

In his statement defendant admitted going to the Pressley home in the nighttime, removing the screen from and raising the

window of a bedroom occupied by two persons, entering the room through the open window, going back through the window with 11-year-old Teresa, going with her to some weeds at the edge of the yard and having sexual intercourse with her.

G.S. 14-21 provides, *inter alia*, that every person who unlawfully and carnally knows and abuses any female child under the age of 12 years shall be guilty of rape. Burglary in the first degree is the breaking and entering during the nighttime of an occupied dwelling or sleeping apartment with intent to commit a felony therein. *State v. Bell*, 285 N.C. 746, 208 S.E. 2d 506 (1974). Clearly, defendant's statement amounted to a "confession" of the crimes of rape and burglary in the first degree, two of the three offenses with which he was charged.

With respect to the court's instruction that defendant made two conflicting statements, this instruction, when considered with the quoted sentences which follow, was favorable to defendant. In the first statement, defendant said that any blood on his clothing came from Fleeta (his girl friend). In the second statement he said that there was blood on his clothing after he had intercourse with Teresa and that Fleeta questioned him about it. The court's instruction reminded the jury that they should consider both of the statements. The burden is on defendant not only to show error but that the error was prejudicial to him. 4 Strong's N.C. Index 3d, Criminal Law § 167. This he has failed to do.

We conclude that defendant received a fair trial free from prejudicial error.

No error.

Justice BROCK took no part in the consideration or decision of this case.