State v. Graham

STATE OF NORTH CAROLINA v. LINWOOD EARL GRAHAM, JR.

No. 798SC1180

(Filed 17 June 1980)

1. **Criminal Law § 17– crimes committed at post office – jurisdiction of State courts**

    The courts of this State had jurisdiction over the crimes of breaking and entering a post office and larceny of property therefrom where the record does not show that the federal government has accepted exclusive jurisdiction over the post office property in accordance with 40 U.S.C. §255. G.S. 104-7.

2. **Arrest and Bail § 5.2– warrantless arrest at home of friend – probable cause**

    The warrantless arrest of defendant at the home of a friend was valid where the friend told the officer about defendant's involvement in certain break-ins, and the officer was afraid defendant would avoid apprehension if not then arrested because defendant had seen his friend arrested and because defendant told the officer that he lived with his mother when the officer knew he did not, since the officer had probable cause to believe that defendant had committed certain felonies and might not be apprehended unless immediately arrested.

3. **Larceny § 7.3– ownership of stolen property – no fatal variance**

    There was no fatal variance where a larceny indictment alleged that stolen money and a stolen radio were the "personal property of Maury Post Office a division of the United States Postal Service" and the evidence showed that the money and radio were the personal property of the postmaster since the property had been left at the post office and the post office was in lawful possession of it at the time it was stolen.

4. **Larceny § 7.3– ownership of stolen property – no fatal variance**

    There was no fatal variance where a larceny indictment alleged that a stolen tire tool was "the personal property of L. A. Moye, L. A. Moye, Jr., and C. L. Stokes t/a Moye and Stokes Store" and the evidence showed that Charles Stokes owned the warehouse from which the tire tool was taken.

5. **Burglary and Unlawful Breakings § 5.7– breaking and entering – intent to steal – ownership of property – no fatal variance**

    There was no fatal variance where the indictment alleged a breaking and entering with intent to steal of a "building occupied by Julian Jones used as a garage" and the evidence showed that the building was a storage shed and no longer used by Mr. Jones, since it was not incumbent on the State to establish the owner of the property defendant intended to steal but only the intent to steal upon breaking or entering.

State v. Graham

6. **Larceny § 4; Receiving Stolen Goods § 2– larceny and receiving – motion to dismiss indictment – reservation of ruling until end of evidence**

The trial court did not err in reserving its ruling on defendant's motion to dismiss indictments charging him with larceny and receiving of the same stolen property until the close of the evidence.

7. **Criminal Law § § 75.2, 75.10– confession – request for counsel – subsequent written waiver – absence of inducement**

The trial court properly admitted defendant's confession where (1) the record shows that defendant was advised of his *Miranda* rights, stated that he wanted to talk to a lawyer but changed his mind, and then signed a written waiver of counsel, and (2) the court found upon conflicting evidence that the officer did not induce defendant's confession by saying that he would put in a good word for defendant in court if he confessed.

8. **Criminal Law § 114.2– instructions – reference to "confession" – no expression of opinion**

The trial court did not express an opinion on the evidence when defendant objected to the court's instruction that the State had presented evidence tending to show that defendant "confessed" to the crimes charged and the court replied, "Well, that's what it is," since defendant's in-custody statement in fact constituted a confession.

APPEAL by defendant from *Barefoot, Judge*. Judgments entered 31 May 1979 in Superior Court, GREENE County. Heard in the Court of Appeals 24 April 1980.

Defendant was tried on two bills of indictment charging breaking and entering and larceny and one bill of indictment charging breaking and entering. Several break-ins occurred in Maury, North Carolina on the night of 27 February 1979. The next morning, the postmaster of Maury discovered the Maury Post Office had been entered. A glass door was knocked out, two record cabinets were opened and mail was strewn on the floor. A safe had been tampered with but was not opened. A radio and twenty dollars which were the personal property of the postmaster were missing. Two sets of shoe prints were all over the floor on the papers. Two sets of shoe prints led from the post office to Charles Stokes' warehouse which had been entered and from which a tire tool was missing. Julian Jones' garage had also been entered but apparently nothing was taken. Defendant was arrested without a warrant at a friend's house after the friend admitted to an investigating officer that he and defendant committed the break-ins and thefts. Defendant was

State v. Graham

questioned and made a statement in which he admitted partici-
pating in the alleged crimes. The statement was introduced in
evidence at the trial.

Defendant testified in his own behalf that he did not com-
mit any of the crimes of which he stood charged. He offered the
alibi that he had been in Greenville the night of the break-ins.
He did not know of the break-ins until the next morning. He
admitted to answering part of the questions on the statement
introduced in evidence against him.

The jury found defendant guilty of felonious entry into and
larceny from the Moye-Stokes Store, guilty of felonious entry
into and larceny from the Maury Post Office and guilty of felo-
nious entry into Jones' Garage. Defendant appeals from a judg-
ment imposing an active prison sentence.

*Attorney General Edmisten, by Assistant Attorney General
Roy A. Giles, Jr., for the State.*

*William R. Jenkins, for defendant appellant.*

VAUGHN, Judge.

Defendant brings forward eight assignments of error in the
trial below. We find the assigned errors without merit.

[1] Defendant contends the courts of this State were without
jurisdiction over the crimes of breaking and entering of and
larceny from the Maury Post Office. The Congress has passed
laws to protect United States post offices from breaking and
entering and larceny. 18 U.S.C. §§ 2115, 1707. Our State, in
compliance with clause seventeen, section eight of the first
article of the United States Constitution, consents to the ac-
quisition of lands within the State by the United States and
cedes exclusive jurisdiction, except for service of civil and crim-
inal process, over lands so acquired to the federal govern-
ment. G.S. 104-7. The United States may accept exclusive or
partial jurisdiction over lands acquired within a state and 40
U.S.C. § 255 provides that exclusive or partial jurisdiction may
be accepted by giving written notice to the governor of the state

or in such other manner as prescribed by the law of the state in which the land lies of the type of jurisdiction that is being accepted. "Unless and until the United States has accepted jurisdiction over lands hereafter to be acquired as aforesaid, it shall be conclusively presumed that no such jurisdiction has been accepted." *Id.* Until the federal government accepts exclusive jurisdiction in accordance with 40 U.S.C. § 255, our Courts will retain jurisdiction over crimes against the laws of this State committed on Federal lands in this State. *State v. Burell*, 256 N.C. 288, 123 S.E. 2d 795, *cert. den.*, 370 U.S. 961, 8 L. Ed. 2d 827, 82 S. Ct. 1621 (1962). The record does not reveal that the federal government has accepted exclusive jurisdiction over the Maury Post Office property. Defendant maintains we should at least remand the case for a determination by the trial court of whether it had subject matter jurisdiction over the post office offenses. Defendant notes that this was done in a Pennsylvania case involving burglary of a post office. *Commonwealth v. Mangum*, 231 Pa. Super. 162, 332 A. 2d 467 (1974). We do not feel this is necessary because of the differences between the Pennsylvania statute concerning the ceding of jurisdiction over lands to the federal government and interpretations given that statute by Pennsylvania courts and our own G.S. 104-7 concerning the ceding of jurisdiction over lands to the federal government and the interpretation of that statute in *Burell*. Furthermore, the trial court in this case heard defendant's motion to this effect and denied it. Remand to the trial court is not necessary as it has made a ruling on jurisdiction. Upon the record of this case, defendant has no immunity from subject matter jurisdiction of his crimes in our State's courts. There is no showing of acceptance of exclusive jurisdiction by the federal government over the post office.

[2] The arrest of defendant was without a warrant in the home of a friend. Defendant argues illegality in the arrest because the officer lacked probable cause to arrest defendant. According to the arresting officer, he questioned defendant's friend, Tyson, after giving him *Miranda* warnings about his rights. Tyson then told the officer about the crimes and defendant's involvement therein. The officer testified he was afraid defendant would avoid apprehension if not then arrested because defendant had seen his friend Tyson arrested and because de-

fendant had told the officer that he lived with his mother when the officer knew he did not. Upon these facts, the arresting officer had probable cause to believe that defendant had committed the felonies and might not be apprehended unless immediately arrested. The arrest at the home of a friend was a valid warrantless arrest. G.S. 15A-401(b)(2)a; *State v. Phifer*, 290 N.C. 203, 225 S.E. 2d 786 (1976), *cert. den.*, 429 U.S. 1123, 51 L. Ed. 2d 573, 97 S. Ct. 1160 (1977).

[3-5]  Defendant contends there is a fatal variance between the allegations of the indictments and the proof at trial. The bill of indictment concerning the theft from the post office building alleged the stolen money and radio were "the personal property of Maury Post Office a division of the United States Postal Service." The evidence was to the effect that the money and radio were the personal property of the postmaster. The fact that the indictment charges defendant with larceny from the post office where evidence is that the post office is not the owner of such property is not a fatal defect in such a case as this where the property stolen was owned by the postmaster and he had left the property in the post office. The post office was in lawful custody and possession of the property at the time it was taken and the indictment is not invalid. *State v. Hauser*, 183 N.C. 769, 111 S.E. 349 (1922); *State v. Robinette*, 33 N.C. App. 42, 234 S.E. 2d 28 (1977); *State v. Dees*, 14 N.C. App. 110, 187 S.E. 2d 433 (1972). The other felonious larceny indictment alleged the tire tool to be "the personal property of L. A. Moye, L. A. Moye, Jr., and C. L. Stokes t/a Moye and Stokes Store." The evidence showed that Charles Stokes owned the warehouse from which the tire tool was taken. There is no fatal variance where as here the indictment alleges ownership in the owners of a business and the proof is that it is taken from the property of one owner personally. *State v. Smith*, 4 N.C. App. 261, 166 S.E. 2d 473 (1969). Finally, the third indictment alleged the breaking and entering of a "building occupied by Julian Jones used as a garage." The evidence was that the building was a storage shed and was not used by Mr. Jones since his health had declined. We find no fatal variance in this indictment. For felonious breaking and entering with intent to steal, it is not incumbent on the State to establish the owner of the property defendant intended to steal but only the intent to steal upon breaking or entering. *State v.*

*Crawford,* 3 N.C. App. 337, 164 S.E. 2d 625 (1968), *cert. den.,* 275 N.C. 138 (1969).

**[6]** The grand jury indictments of defendant concerning the crimes committed at the post office and the Moye and Stokes Store contained multiple counts for felonious breaking and entering, felonious larceny, felonious receiving and felonious possession. Prior to trial, defendant moved to dismiss these indictments on the grounds defendant could not be guilty of both the larceny and the receipt of the stolen goods. The trial court reserved ruling on this motion. The prosecutor then indicated the State would proceed on the breaking, entering and larceny counts of the indictments. At the close of the evidence, the trial court ruled it would not charge the jury on the felonious receiving and possession counts leaving the felonious breaking, entering and larceny counts to go to the jury. Defendant contends it was error for the trial judge to reserve ruling on this motion. There is no merit to this argument. A defendant may be found guilty of larceny or receiving but not both. *State v. Meshaw,* 246 N.C. 205, 98 S.E. 2d 13 (1957). An indictment or a jury charge of both larceny and receiving is not improper, depending upon the evidence presented of the two crimes. Consequently, it was not error for the trial court to reserve ruling on the dismissal motion until the evidence indicated whether there was sufficient proof to go to the jury on the crimes properly charged in the indictment.

**[7]** Defendant in two assignments of error attacks the admissibility of his statement to the arresting officer (1) because it was given without proper *Miranda* warnings or adherence to defendant's right to have counsel present at questioning if requested, and (2) because it was not freely and voluntarily given. We find no merit in these arguments. The record indicates defendant was advised of his *Miranda* rights and stated he wanted to talk to a lawyer but then changed his mind. Defendant was then advised of his rights and expressly waived his right to counsel in a signed written waiver.

Even if we assume that the defendant did request counsel when first advised of his rights, this does not make his subsequent statements inadmissible since the defendant

initiated the subsequent conversation with officers himself, was once again fully informed of his rights, and expressly waived the right to have counsel present.

*State v. Hill*, 294 N.C. 320, 328, 240 S.E. 2d 794, 800 (1978). The evidence is in conflict on whether the officer induced the confession by saying he would put in a good word for defendant in court if he confessed. The trial court found there was no such inducement and his finding is supported by ample evidence in the record. The officer specifically denied making any such inducement to defendant. The trial court's finding that defendant's confession was freely and voluntarily made is, therefore, conclusive on appeal. *State v. Rogers*, 23 N.C. App. 142, 208 S.E. 2d 384, *cert. den.*, 286 N.C. 213, 209 S.E. 2d 318 (1974). Defendant's statement was properly admitted into evidence.

[8] When the trial judge summarized the evidence in his charge to the jury, he stated, "[t]he State has offered evidence *tending to show* ... that [defendant] *confessed* to the breaking and entering of these places and taking of a radio." (Emphasis added). Defendant objected to the use of the word "confessed" in the charge to which the trial judge replied, "Well, that's what it is." Defendant contends this constitutes a prejudicial expression of opinion in violation of G.S. 15A-1232. The statement the officer said defendant made to him which defendant denied making at trial does amount to a confession and certainly "tends to show ... that he confessed to the breaking and entering." The trial judge's response to defendant's objection did not constitute prejudicial error in light of the context of the charge. *State v. Hamilton*, 298 N.C. 238, 258 S.E. 2d 350 (1979).

The sentence of not less than seven nor more than ten years by the trial judge was within the maximum limits of punishment for one count of breaking and entering a building with intent to commit a larceny, G.S. 14-54, and two counts of larceny upon breaking and entering a building, G.S. 14-72(b)(2). The maximum punishment and a fine for each felony is ten years imprisonment. G.S. 14-2. The trial judge could have sentenced defendant to thirty years imprisonment by imposing consecutive sentences. Rather, he, in his discretion which he did not abuse, consolidated all of the charges and sentenced defendant

to prison for a period of time below the maximum sentence allowed by law. The sentence must be upheld. *State v. Cradle*, 281 N.C. 198, 188 S.E. 2d 296, *cert. den.*, 409 U.S. 1047, 34 L. Ed. 2d 499, 93 S. Ct. 537 (1972).

No error.

Judges CLARK and MARTIN (Harry C.) concur.