In a two-count indictment, Wayne Morris Hubbard was indicted for burglary in the third degree (Alabama Code 1975, § 13A-7-7) and theft of property in the second degree (§ 13A-8-4). A jury convicted him of third degree burglary as charged and the lesser included offense of third degree theft. He was sentenced as an habitual offender to a term of life imprisonment on the burglary conviction and twelve months' imprisonment on the theft conviction, both sentences to run consecutively.
 I
Alabama Department of Corrections Investigator Paul Sides was properly permitted to testify on redirect examination that he "did not believe" what Hubbard had told him about a Mr. James, a classification officer for the Department of Corrections. *Page 499 
Defense counsel "opened the door" for this when he cross examined Sides about the fact that he did not investigate Hubbard's allegation that James was trying to blackmail him into becoming a drug informant, that he "felt" he had "very little" reason to investigate James, and why he felt that way.
Generally, such questions are improper as calling for a conclusion or opinion and are invasive of the province of the jury. "The truth or falsity of a voluntary confession is a question for the jury." Huffman v. State, 130 Ala. 89, 92,30 So. 394 (1901); Flint v. State, 370 So.2d 332, 335 (Ala.Cr.App. 1979); Elliott v. State, 48 Ala. App. 515, 266 So.2d 318, cert. denied, 289 Ala. 742, 266 So.2d 321 (1972); Wilson v. State,20 Ala. App. 137, 101 So. 417, cert. denied, Ex parte Wilson,211 Ala. 613, 101 So. 423 (1924). A witness may not testify to the uncommunicated mental operation or intent of another. Flanaganv. State, 369 So.2d 46, 50 (Ala.Cr.App. 1979). "It was not permissible to ask the witness if the statement made by another witness was true. * * * It is the province of the jury to draw the conclusion as to the truth or falsity of the statement."Barry v. State, 19 Ala. App. 366, 97 So. 256 (1923).
Yet, in this case, the testimony does not constitute error. "A party who has brought out evidence on a certain subject has no valid complaint as to the trial court's action in allowing his opponent or adversary to introduce evidence on the same subject." Brown v. State, 392 So.2d 1248, 1260 (Ala.Cr.App. 1980), cert. denied, 392 So.2d 1266 (Ala. 1981). "[W]here a matter has been gone into by one party to a cause, the other party has the right to explain away anything, if he can, that may have been brought out to his detriment." Leonard v. State,369 So.2d 873, 875 (Ala.Cr.App.), cert. denied, Ex parteLeonard, 369 So.2d 877 (Ala. 1979). See also Miller v.Whittington, 202 Ala. 406, 411, 80 So. 499 (1918);Sloss-Scheffield Steel Iron Co. v. Gardner, 17 Ala. App. 363,364, 85 So. 40 (1920) ("Where, however, one party has been permitted to introduce evidence of conclusions, the other party is entitled to rebut in like manner with testimony as to contra conclusions.").
 II
The trial judge refused Hubbard's requested charge which stated:
 "Before the jury should convict the defendant, the hypothesis of his or her guilt should flow naturally from the facts proven and be consistent with all the facts in the case."
This identical charge was approved and its refusal held to be reversible error where the judge's instructions did not cover that proposition. Jones v. State, 20 Ala. App. 96, 101 So. 67
(1924). However, "in more recent cases the appellate courts have departed from this former holding." Shouse v. State,36 Ala. App. 614, 619, 63 So.2d 722 (1952), cert. denied, 258 Ala. 499, 63 So.2d 728 (1953). The refused charge "is an argument pure and simple." Byers v. State, 23 Ala. App. 70, 71,121 So. 8, cert. denied, 219 Ala. 10, 121 So. 9 (1929). This charge is "faulty in that it was not predicated on reasonable hypothesis of guilt" and "was not based on a consideration of all the evidence." Nelson v. State, 35 Ala. App. 1, 6, 46 So.2d 231, affirmed, 253 Ala. 666, 46 So.2d 236 (1949); Clayton v. State,36 Ala. App. 610, 611, 63 So.2d 564, cert. denied, 258 Ala. 451,63 So.2d 565 (1953).
 III
We find no fatal variance between the allegation in count two of the indictment charging the theft of $154.97 "the property of the State of Alabama" and the proof at trial showing that the money belonged to the state employees.
Loy McNeal, a secretary at the State Troopers' Auto Shop in Montgomery, testified that the money belonged "to the State Troopers' Shop."
Lieutenant Travis Hollon, the assistant motor officer, testified that the money was taken from the "automotive shop flower fund." This was money "derived from the sales of Cokes or soft drinks, cookies, crackers, this type of thing to the *Page 500 
employees there. It's essentially sold to the employees and any profit goes into the flower fund that would be used for any member or family member that's ill or whatever." The money belonged to the state employees and would not have been put in the State account.
After the State's case in chief, there was no motion to exclude. The defense called Ms. McNeal, who testified that the money was the "employees' money" and did not belong to the State of Alabama. The money was kept in a metal box in a locked filing cabinet inside the auto shop.
At the close of all the evidence, the defense moved to exclude the State's evidence on the ground of a variance between indictment and proof. The issue of the ownership of the money is therefore preserved for our review. Ala.R.Cr.P.Temp. 12.2 (a) ("The defendant may make a motion for judgment of acquittal either at the close of the State's evidence, or at the close of all the evidence").
As Judge Clark, writing for this Court in Hubbard v. State,374 So.2d 427 (Ala.Cr.App. 1979), observed, "Similar questions of variances between the indictment and the proof have been a source of concern for hundreds of years and have not abated. The principle is clear to the effect that it is not absolutely necessary that the evidence show that title to the property is in the person or legal entity designated in the indictment, but that if the evidence shows that if the individual or legal entity designated in the indictment has a special property right to the property, it is sufficient." 374 So.2d at 430. See also Riggens v. State, 44 Ala. App. 275, 276, 207 So.2d 141, 142
(1968); Lacey v. State, 13 Ala. App. 212, 68 So. 706, 711
(1915). "[T]o constitute a good indictment for larceny the thing stolen may be charged to be the property of the actual owner or of a person having a special property, as bailee, and from whose possession it was stolen." Joyce on Indictments § 427 at 487-88 (2nd ed. 1924).
Section 13A-8-1 (8), Code of Alabama 1975, defines "owner", in the context of theft offenses, as "A person, other than the defendant, who has possession of or any other interest in theproperty involved, even though that interest or possession is unlawful, and without whose consent the defendant has no authority to exert control over the property." (Emphasis added).
Although we have found no reported Alabama case dealing with a claimed variance between an indictment charging ownership of stolen property in a governmental entity and proof showing ownership in an individual employee, the North Carolina Court of Appeals has ruled, in at least three such cases, that no variance existed. See State v. Graham, 47 N.C. App. 303,267 S.E.2d 56 (1980); State v. Dees, 14 N.C. App. 110,187 S.E.2d 433 (1972); State v. Smith, 4 N.C. App. 261, 166 S.E.2d 473
(1969).
In Graham, the defendant was prosecuted for theft of money and a radio from a post office building. The indictment charged that the stolen goods were "the personal property of the Maury Post Office, a division of the U.S. Postal Service", 267 S.E.2d at 57, when in fact the State's proof showed conclusively that the cash and radio belonged to the postmaster individually. The North Carolina court held:
 "The fact that the indictment charges defendant with larceny from the post office where the evidence is that the post office is not the owner of such property is not a fatal defect in such a case as this where the property stolen was owned by the postmaster and he had left the property in the post office. The post office was in lawful custody and possession of the property at the time it was taken and the indictment is not invalid." 267 S.E.2d at 59.
The instant case is factually indistinguishable from Graham and the same result should follow, especially in view of a statutory definition of "ownership" requiring "possession of or any other interest in the property involved." Alabama Code 1975, *Page 501 
§ 13A-8-1 (8). Here, although the auto shop flower fund money belonged to the state employees individually, the cash was left in the lawful custody and possession of the State Troopers' Auto Shop for safekeeping.
In our judgment, the custody and possession of the money by the State of Alabama are, "in the eyes of the law . . . a sufficient attribute[s] of ownership to support an averment and proof of ownership against one charged with stealing property belonging to another." State v. Pulis, 579 S.W.2d 395, 399
(Mo.Ct.App. 1979). See also State v. Dees, supra (no variance between indictment for theft of mechanics tools belonging to corporate entity and proof showing tools were personally owned by employees); State v. Smith, supra (no variance between indictment charging theft of radio and gloves from actual owner of service station and evidence disclosing property belonged to individual employees).
The judgment of the circuit court is affirmed.
AFFIRMED.
TYSON, HARRIS and PATTERSON, JJ., concur.
TAYLOR, J., recuses self.